**CASE NO. _____**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4037 |
| v. | |
| WE INFORM, LLC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4041 |
| v. | |
| INFOMATICS, LLC, et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4045 |
| v. | |
| THE PEOPLE SEARCHERS, LLC, et al., | |
| Defendants-Petitioners. | |

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

DM GROUP. INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-4075

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

DELUXE CORPORATION, et al.,

        Defendants-Petitioners.

Civil Action No. 24-4080

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

QUANTARIUM ALLIANCE, LLC, et al.,

        Defendants-Petitioners.

Civil Action No. 24-4098

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

YARDI SYSTEMS, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4103

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

DIGITAL SAFETY PRODUCTS, LLC, et
al.,

       Defendants-Petitioners.

Civil Action No. 24-4141

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

CIVIL DATA RESEARCH

       Defendants-Petitioners.

Civil Action No. 24-4143

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

SCALABLE COMMERCE, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-4160

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

LABELS & LISTS, INC.

       Defendants-Petitioners.

Civil Action No. 24-4174

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

INNOVIS DATA SOLUTIONS INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4176

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

ACCURATE APPEND, INC., et al.

        Defendants-Petitioners.

Civil Action No. 24-4178

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

ZILLOW, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-4256

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

EQUIMINE, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-4261

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

MELISSA DATA CORP., et al.,

        Defendants-Petitioners.

Civil Action No. 24-4292

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

RESTORATION OF AMERICA, et al.,

        Defendants-Petitioners.

Civil Action No. 24-4324

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

i360, LLC, et al.,

        Defendants-Petitioners.

Civil Action No. 24-4345

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

GOHUNT, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-4380

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

ACCUZIP, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4383

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

SYNAPTIX TECHNOLOGY, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-4385

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

JOY ROCKWELL ENTERPRISES, INC., et
al.,

       Defendants-Petitioners.

Civil Action No. 24-4389

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

FORTNOFF FINANCIAL, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-4390

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

MYHERITAGE, LTD., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4392

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

E-MERGES.COM, INC.

       Defendants-Petitioners.

Civil Action No. 24-4434

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

NUWBER, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-4609

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

ROCKETREACH LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-4664

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

BELLES CAMP COMMUNICATIONS,
INC., et al.,

     Defendants-Petitioners.

Civil Action No. 24-4949

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

PROPERTYRADAR, INC., et al.,

     Defendants-Petitioners.

Civil Action No. 24-5600

ATLAS DATA PRIVACY CORPORATION,
et al.,

      Plaintiffs-Respondents,

v.

THE ALESCO GROUP, L.L.C.

     Defendants-Petitioners.

Civ. Action No. 24-5656

ATLAS DATA PRIVACY CORPORATION,
et al.,

       Plaintiffs-Respondents,

v.                                                  Civ. Action No. 24-5658

SEARCHBUG, INC.

       Defendants-Petitioners.

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

       Plaintiffs-Respondents,

v.                                                  Civ. Action No. 24-5775

AMERILIST, INC., et al.,

       Defendants-Petitioners.

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

       Plaintiffs-Respondents,

v.                                                  Civ. Action No. 24-7324

US DATA CORPORATION, et al.,

       Defendants-Petitioners.

ATLAS DATA PRIVACY CORPORATION,
et al.,

        Plaintiffs-Respondents,

v.

SMARTY, LLC, et al.,

        Defendants-Petitioners.

Civ. Action No. 24-8075

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

        Plaintiffs-Respondents,

v.

COMPACT INFORMATION SYSTEMS,
LLC, et al.,

        Defendants-Petitioners.

Civ. Action No. 24-8451

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

        Plaintiffs-Respondents,

v.

DARKOWL, LLC, et al.,

        Defendants-Petitioners.

Civ. Action No. 24-10600

ATLAS DATA PRIVACY CORPORATION,
et al.,

       Plaintiffs-Respondents,

v.

THOMSON REUTERS CORPORATION, et
al.,

       Defendants-Petitioners.

Civ. Action No. 24-04269

On Appeal from the United States District Court
For the District Court of New Jersey, Camden Division
The Honorable Harvey Bartle III

District Court Nos. 1:24-cv-04037(HB); 1:24-cv-04041(HB); 1:24-cv-04045(HB);
1:24-cv-04075(HB); 1:24-cv-04080(HB); 1:24-cv-04098(HB);
1:24-cv-04103(HB); 1:24-cv-04141(HB); 1:24-cv-04143(HB);
1:24-cv-04160(HB); 1:24-cv-04174(HB);
1:24-cv-04176(HB); 1:24-cv-04178(HB); 1:24-cv-04256(HB);
1:24-cv-04261(HB); 1:24-cv-04292(HB); 1:24-cv-04324(HB);
1:24-cv-04345(HB); 1:24-cv-04380(HB); 1:24-cv-04383(HB);
1:24-cv-04385(HB); 1:24-cv-04389(HB); 1:24-cv-04390(HB);
1:24-cv-04392(HB); 1:24-cv-04434(HB); 1:24-cv-04609(HB);
1:24-cv-04664(HB); 1:24-cv-04949(HB); 1:24-cv-05600(HB);
1:24-cv-05656(HB); 1:24-cv-05658(HB); 1:24-cv-05775(HB);
1:24-cv-07324(HB); 1:24-cv-08075(HB); 1:24-cv-08451(HB);
1:24-cv-10600(HB); and 1:24-04269 (HB)

## JOINT PETITION FOR LEAVE TO FILE APPEAL
## UNDER 28 U.S.C. § 1292(b)

Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L.  Jonaitis
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227

*Attorneys for Petitioners-Defendants
RocketReach LLC (1:24-cv-04664),
Deluxe Corp. (1:24-cv-04080),
PropertyRadar Inc. (1:24-cv-05600),
and DM Group Inc. (1:24-cv-04075)*

Marcel S. Pratt
Michael Berry
BALLARD SPAHR LLP
1735 Market Street, Fl. 51
Philadelphia, PA  19103-7599

*Attorneys for Petitioners-Defendants
Thomson Reuters Entities (1:24-cv-04269)*

Robert T. Szyba
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, NY  10018

*Attorneys for Petitioners-Defendants*
*We Inform, LLC (1:24-cv-04037),*
*Infomatics, LLC (1:24-cv-04041), and*
*The People Searchers, LLC (1:24-cv-*
*04045)*

Clair E. Wischusen
MANSUKHANI LLP
291 W. Mt. Pleasant Avenue
Suite 3310
Livingston, NJ  070369

*Attorneys for Petitioners-Defendants*
*Quantarium Alliance, LLC and*
*Quantarium Group, LLC (1:24-cv-04098)*

Derek L. Shaffer
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington D.C., 20005

-and-

Anthony J. Staltari
51 Madison Avenue, 22nd Floor
New York, New York 10010

-and-

Viola Trebicka (application for
admission forthcoming)
John Wall Baumann (application for
admission forthcoming)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

-and-

Owen B. Smitherman (application for
admission forthcoming)
300 West 6th St, Suite 2010
Austin, TX 78701

*Attorneys for Petitioners-Defendants
Yardi Systems, Inc. (1:24-cv-04103)*

Eric H. Lubin
LOMURRO, MUNSON, LLC
Monmouth Executive Center
4 Paragon Way, Suite 100
Freehold, NJ 07728
(732) 414-0300
ELubin@lomurrolaw.com

*Attorneys for Petitioner-Defendants
Digital Safety Products, LLC (1:24-cv-
04141), Civil Data Research (3:24-cv-
04143), and Scalable Commerce &
National Data Analytics (2:24-cv-04160)*

Misha Isaak
James Kilcup
Alexandria Giza
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
(503) 294-9460
misha.isaak@stoel.com
james.kilcup@stoel.com
alexandria.giza@stoel.com

-and –

Ryan J. Cooper
COOPER, LLC – COUNSELORS AT
LAW
108 N. Union Ave., Suite 4
Cranford, NJ 07016
ryan@cooperllc.com

*Attorneys for Petitioners-Defendants*
*Labels & Lists, Inc. (1:24-cv-04174)*

John E. MacDonald
Constancy, Brooks, Smith & Prophete,
LLP
3120 Princeton Pike, Suite 301
Lawrenceville, NJ 08648

*Attorneys for Petitioners-Defendants*
*Accurate Append, Inc. (1:24-cv-*
*04178), and Restoration of America,*
*Inc. (1:24-cv-04324)*

Jill A. Guldin
PIERSON FERDINAND LLP
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA 19103

-and –

Jason A. Spak (admission pending)
FISHERBROYLES LLP
6360 Broad Street #5262
Pittsburgh, PA 15206

*Attorneys for Petitioners-Defendants*
*Innovis (1:24-cv-24-04176)*

Samantha L. Southall
BUCHANAN INGERSOLL & ROONEY
PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555

*Attorneys for Petitioners-Defendants*
*Zillow Inc. and Zillow Group, Inc.*
*(1:24-cv-04256)*

Frederick W. Alworth
Kevin R. Reich
GIBBONS P.C.
One Gateway Center
Newark, NJ  07102-5310

*Attorneys for Petitioners-Defendants*
*Equimine, Inc. (1:24-cv-04261)*

Richard J.L. Lomuscio (*3rd Cir. App.*
*Pending*)
STINSON LLP
100 Wall Street, Suite 201
New York, New York 10005

*Attorneys for Petitioners-Defendants*
*i360, LLC (1:24-cv-04345)*

Jennifer Fiorica Delgado
Markiana J. Julceus
LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, NJ  07068

*Attorneys for Petitioners-Defendants*
*Accuzip, Inc. (1:24-cv-04383)*

Michael P. O'Mullan
RIKER DANZIG LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ  07962

*Attorneys for Petitioner-Defendant Melissa*
*Data Corporation (1:24-cv-04292)*

David E. Sellinger
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 443-3557
sellingerd@gtlaw.com
Aaron.VanNosrand@gtlaw.com

*Attorneys for Petitioners-Defendants*
*GoHunt, LLC (1:24-cv-04380)*

Thomas C. Regan
Matthew S. AhKao
LEWIS BRISBOIS BISGAARD &
SMITH, LLP
One Riverfront Plaza, Suite 800
Newark, NJ  07102

*Attorneys for Petitioners-Defendants*
*Synaptix Technology, LLC (1:24-cv-04385)*

Kelly M. Purcaro
Kory Ann Ferro
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102

*Attorneys for Petitioners-Defendants*
*Joy Rockwell Enterprises, Inc. d/b/a*
*PostcardMania PCM LLC ( 1:24-cv-*
*04389)*

Alan Charles Raul
Jacquelyn Fradette
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005

-and –

Tyler J. Domino
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019

-and –

Nicholas K. Lagemann
MCELROY, DEUTSCH,
MULVANEY, & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962

*Attorneys for Petitioners-Defendants*
*MyHeritage, Ltd. (1:24-cv-04392)*

J. Timothy McDonald
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia  30326

*Attorneys for Petitioners-Defendant*
*Fortnoff Financial, LLC (1:24-cv-04390)*

H. Mark Stichel
RKW, LLC
10075 Red Run Blvd., 4th Floor
Owings Mills, MD  21117

*Attorneys for Petitioner-Defendant*
*E-Merges.com, Inc. (1:24-cv-04434)*

Clair E. Wischusen
GORDON REES SCULLY
MANSUKHANI LLP
291 W. Mt. Pleasant Avenue
Suite 3310
Livingston, NJ 07039

*Attorneys for Petitioner-Defendant
Nuwber, Inc. (1:24-cv-04609)*

Stephen M. Orlofsky
Philip N. Yannella
Thomas P. Cialino
BLANK ROME LLP
300 Carnegie Center, Suite 220
Princeton, NJ 08540

*Attorneys for Petitioner-Defendant Belles
Camp Communications, Inc. (1:24-cv-
04949)*

Kelly M. Purcaro
Kory Ann Ferro
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102

*Attorneys for Petitioner-Defendant
The Alesco Group, L.L.C. (1:24-cv-
05656)*

Kelly M. Purcaro
Kory Ann Ferro
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102

*Attorneys for Petitioner-Defendant
Searchbug, Inc. (1:24-cv-05658)*

Kelly M. Purcaro
Kory Ann Ferro
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102

*Attorneys for Petitioner-Defendant
Amerilist, Inc. (1:24-cv-05775)*

Kelly M. Purcaro
Kory Ann Ferro
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102

*Attorneys for Petitioner-Defendant
US Data Corporation (1:24-cv-07324)*

Kenneth D. Friedman
MANATT, PHELPS & PHILLIPS,
LLP
7 Times Square
New York, NY  10036

-and -

Kareem A. Salem (admission pending)
Brandon Reilly (admission pending)
662 Encinitas Blvd., Suite 216
Encinitas, CA  92024

*Attorneys for Petitioner-Defendant*
*Smarty, LLC (1:24-cv-08075)*


Kelly M. Purcaro
Kory Ann Ferro
GREENSPOON MARDER
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102

-and

Kiran Raj (admission pending)
Ryan Scott Farber (admission pending)
RAJ FERBER PLLC
1629 K Street NW, Suite 300
Washington, DC  20006

*Attorneys for Petitioner-Defendant*
*Darkowl, LLC (1:24-cv-10600)*

Jared K. Levy
Jacqueline Murphy
Christopher J. Seusing
Sean V. Patel
WOOD, SMITH, HENNING & BERMAN
LLP
400 Connell Drive, Suite 1100
Berkeley Heights, NJ  07922

*Attorneys for Petitioner-Defendant*
*Compact Information Systems, LLC,*
*Accudata Integrated Marketing, Inc.,*
*Alumnifinder, ASL Marketing, Inc., College*
*Bound Selection Services, Deepsync Labs,*
*Homedata, and Student Research Group*
*(1:24-cv-08451)*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

SUMMARY OF PETITION ................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................ 2

I.     New Jersey's Daniel's Law .................................................... 2

II.    The Lawsuits And Petitioners' Motion To Dismiss ........................ 5

III.   The District Court's Order Denying The Motion To Dismiss ............ 6

QUESTION PRESENTED .................................................................. 8

ARGUMENT ................................................................................. 8

I.     Whether Daniel's Law Facially Abridges The First Amendment
       Presents A Controlling Question Of Law ................................... 9

II.    There Are Substantial Grounds For Difference Of Opinion ............. 9

       A.     There are substantial grounds for difference of opinion
              about the correct level of constitutional scrutiny ............. 10

       B.     There are substantial grounds for disagreement with the
              district court's constitutional analysis of the Law's lack of
              any mens rea requirement ........................................ 18

III.   An Immediate Appeal Would Materially Advance The Ultimate
       Termination Of These Cases ................................................ 22

CONCLUSION ............................................................................. 23

CERTIFICATIONS ........................................................................ 40

Addendum 1 – List of Petitioners .................................................. A-1

Exhibit A – Order Denying Motion to Dismiss (Nov. 26, 2024)

Exhibit B – Memorandum Opinion (Nov. 26, 2024)

Exhibit C – Order Pursuant to 28 U.S.C. § 1292(b) (Dec. 2, 2024)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American-Arab Anti-Discrimination Committee v. City of Dearborn*,
 418 F.3d 600 (6th Cir. 2005) ......................................................................20

*APCC Services, Inc. v. Sprint Communications Co.*,
 297 F. Supp. 2d 90 (D.D.C. 2003) ..............................................................23

*Brayshaw v. City of Tallahassee, Florida*,
 709 F. Supp. 2d 1244 (N.D. Fla. 2010) ................................................13, 17

*Bush v. Adams*,
 629 F. Supp. 2d 468 (E.D. Pa. 2009) .............................................................9

*Camp Hill Borough Republican Association v. Borough of Camp Hill*,
 101 F.4th 266 (3d Cir. 2024) ......................................................................11

*In re Cement Antitrust Litigation (MDL No. 296)*,
 673 F.2d 1020 (9th Cir. 1981) ....................................................................22

*In re Chocolate Confectionary Antitrust Litigation*,
 607 F. Supp. 2d 701 (M.D. Pa. 2009) .........................................................22

*Couch v. Telescope Inc.*,
 611 F.3d 629 (9th Cir. 2010) ......................................................................10

*Counterman v. Colorado*,
 600 U.S. 66 (2023) .......................................................................18, 21, 22

*Cox Broadcasting Corp. v. Cohn*,
 420 U.S. 469 (1975) ...........................................................................15, 17

*Dahlstrom v. Sun-Times Media, LLC*,
 39 F. Supp. 3d 998 (N.D. Ill. 2014) ............................................................10

*Doe v. Schorn*,
 711 F. Supp. 3d 375 (E.D. Pa. 2024) ..........................................................12

*Florida Star v. B.J.F.*,
 491 U.S. 524 (1989) .......................................................................6, 11, 16

*Ford Motor Credit Co. v. S. E. Barnhart & Sons, Inc.*,
  664 F.2d 377 (3d Cir. 1981) ..................................................................8

*IMDb.com Inc. v. Becerra*,
  962 F.3d 1111 (9th Cir. 2020) ......................................................12, 14

*Katz v. Carte Blanche Corp.*,
  496 F.2d 747 (3d Cir. 1974) ..............................................................8, 9

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*
  *Achille Lauro in Amministrazione Straordinaria*,
  921 F.2d 21 (2d Cir. 1990) ................................................................23

*Knipe v. SmithKline Beecham*,
  583 F. Supp. 2d 553 (E.D. Pa. 2008) ..................................................9

*In re Miedzianowski*,
  735 F.3d 383 (6th Cir. 2013) .............................................................10

*Mohawk Industries, Inc. v. Carpenter*,
  558 U.S. 100 (2009)..............................................................................8

*New York Times Co. v. Sullivan*,
  376 U.S. 254 (1964)......................................................................18, 21

*Public Interest Research Group of New Jersey, Inc. v. Hercules, Inc.*,
  830 F. Supp. 1549 (D.N.J. 1993)........................................................22

*Publius v. Boyer-Vine*,
  237 F. Supp. 3d 997 (E.D. Cal. 2017) ...............................................17

*Reed v. Town of Gilbert*,
  576 U.S. 155 (2015)......................................................................10, 11

*Romaine v. Kallinger*,
  537 A.2d 284 (N.J. 1988) .......................................................14, 15, 21

*Ross v. Blake*,
  578 U.S. 632 (2015)............................................................................20

*Schrader v. District Attorney of York County*,
  74 F.4th 120 (3d Cir. 2023) ....................................................11, 12, 16

iv

*Sheehan v. Gregoire*,
    272 F. Supp. 2d 1135 (W.D. Wash. 2003) ...................................................13, 17

*Simon v. United States*,
    341 F.3d 193 (3d Cir. 2003) ..............................................................................8

*Smith v. Daily Mail Publishing Co.*,
    443 U.S. 97 (1979)....................................................................................6, 16

*State v. Pomianek*,
    110 A.3d 841 (N.J. 2014) ...............................................................................19

*Video Software Dealers Association v. Webster*,
    968 F.2d 684 (8th Cir. 1992) ..........................................................................20

**Statutes**

28 U.S.C. § 1292(b) ........................................................................*passim*

N.J.S.A. 47:1B-2 ...................................................................................4

N.J.S.A. 47:1B-3 ...................................................................................5

N.J.S.A. 56:8-166.1 (2021) ..............................................................2, 4, 20

N.J.S.A. 56:8-166.1 ..................................................................... *passim*

N.J.S.A. 56:8-166.3..............................................................................2

**Other Authorities**

U.S. Const. amend. I .......................................................................*passim*

RESTATEMENT (SECOND) OF TORTS § 652D............................................................15

## SUMMARY OF PETITION

This Petition presents a First Amendment question of first impression and deep significance:  whether a New Jersey statute known as Daniel's Law is facially unconstitutional.  That Law grants certain public officials the authority to bar private entities from disclosing their home addresses and unpublished phone numbers, or face liquidated damages and attorney's fees.  It imposes that liability without any requirement that a defendant act with a culpable mental state.

The 37 cases covered by this Petition were commenced by a corporate assignee allegedly holding the right to assert claims of over 19,600 individuals. That corporation harnessed the Law's unique combination of speech-restrictive tools to bring hundreds of thousands of claims against Petitioners with the potential for hundreds of millions of dollars in liquidated damages.

Petitioners moved to dismiss on the ground that the Law facially violates the First Amendment.  The district court agreed the Law is a content-based restriction on non-commercial speech with no built-in *mens rea* guardrails.  Nevertheless, it denied Petitioners' motion, creating a blanket privacy exception to strict scrutiny that no other court has adopted and rewriting the statute to add a negligence requirement, the absence of which the court acknowledged would have invalidated the Law.  Recognizing the novel and far-reaching issues at stake, the district court *sua sponte* certified its order for immediate appeal under 28 U.S.C. § 1292(b).

The threshold constitutional questions presented by the district court's order control the outcomes of dozens of cases involving hundreds of thousands of alleged violations, each subject to complex and costly discovery.  Reversal of that order would end them.  Even if the district court's order were not reversed, any ruling from this Court would provide essential guidance on issues critical to future litigation in these and other cases involving Daniel's Law, as well as similar laws being enacted around the country.  Accordingly, Petitioners respectfully request the Court permit an immediate appeal from the district court's certified order.[1]

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### I.  <u>New Jersey's Daniel's Law</u>

This case involves the constitutionality of New Jersey's Daniel's Law. N.J.S.A. 56:8-166.1.  Enacted in response to the tragic murder of Judge Esther Salas's son Daniel, the Law seeks "to "enhance the safety and security" of judges, law enforcement officers, and other government officials.  N.J.S.A. 56:8-166.3.

Since its enactment, Daniel's Law has been amended several times.  *E.g.*, N.J.S.A. 56:8-166.1 (2021); N.J.S.A. 56:8-166.1 (2023).  In its current form, the Law seeks to achieve its laudable objective by providing a mechanism for "any covered person" – defined to include judges, law enforcement officers, and certain other public officials, as well as immediate family members residing in the same

---

[1] Petitioners are listed in Addendum 1.

household – to "prohibit the disclosure of the[ir] home address or unpublished home telephone number." N.J.S.A. 56:8-166.1(a)(2), (d).  The Law provides that upon receipt of "written notice" that a covered person "is seeking nondisclosure," a "person, business, or association shall not disclose or re-disclose on the Internet or otherwise make available" the covered person's information.  N.J.S.A. 56:8-166.1(a)(1), (2).

The Law broadly defines "disclose" as "to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer." N.J.S.A. 56:8-166.1(d).  The definition also includes making information "available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed." *Id.*  Its restrictions are not limited to disclosures over the Internet; it bars *any* communication that "otherwise make[s] available" covered information.  N.J.S.A. 56:8-166.1(a)(2).  Although both the Plaintiffs and the New Jersey Attorney General have disavowed the Law's reach, this sweeping definition, on its face, applies to every conceivable transmission or transaction of covered information, even internal corporate communications.

Daniel's Law does not specify how a non-disclosure notice is to be made, other than that it be "written." N.J.S.A. 56:8-166.1(a)(2).  Nor does it require, or provide any mechanism for, verification that the person seeking non-disclosure is a

"covered person."  The Law only requires the notice to state that the person providing notice is "authorized" to do so.  *Id.*  And it demands compliance by the recipient "not later than 10 business days following receipt" of a notice, with no exceptions.  N.J.S.A. 56:8-166.1(a)(1).

If the deadline is not met, "the covered person or the covered person's assignee" can "bring a civil action."  N.J.S.A. 56:8-166.1(b).  The Law provides that a "court shall award" "actual" damages "not less than" "$1,000 for each violation," which it calls "liquidated damages."  N.J.S.A. 56:8-166.1(c).  It also provides awards for attorney's fees and litigation costs, as well as "punitive damages upon proof of willful or reckless disregard of the law."  *Id.*

Originally, the Law imposed damages only if "a reasonable person would believe that providing . . . information would expose another to harassment or risk of harm to life or property."  N.J.S.A. 56:8-166.1(a) (2021).  The New Jersey Legislature later amended the Law to remove that *mens rea* requirement.

New Jersey also allows covered persons to seek redaction of their addresses and phone numbers from some public records.  N.J.S.A. 47:1B-2.  That process requires requests to be made to the state's Office of Information Privacy, which has no deadline to review and approve the requests.  *Id.*  Upon approval, public agencies have 30 days to comply.  *Id.*  If they do not comply, there is no civil remedy.  *Id.*  The law also includes an array of exceptions that, even after approved

4

for redaction, allow government agencies to disclose covered persons' information – to other agencies, private actors, and in public records on the Internet.  N.J.S.A. 47:1B-3.

## II.    The Lawsuits And Petitioners' Motion To Dismiss

Beginning in February 2024, Atlas Data Privacy Corporation and several individuals filed approximately 150 nearly identical lawsuits in New Jersey state courts alleging violations of the newly amended Daniel's Law.  In each lawsuit, Atlas purports to be an assignee asserting claims of more than 19,000 covered persons.  Many of the lawsuits, including those involved in this Petition, were removed to federal court.

Following the district court's direction for how to sequence their constitutional arguments, Petitioners moved to dismiss solely on the ground that Daniel's Law is facially unconstitutional.  *See* Consolidated Motion to Dismiss, *Atlas Data Privacy Corp. v. Lightbox Parent L.P.* ("*Lightbox*"), No. 1:24-cv-04105-HB (D.N.J.) (ECF 20, 27-33).[2]  Petitioners argued that the Law violates the First Amendment because, *inter alia*, it is (1) a content-based restriction on speech that cannot satisfy strict scrutiny, and (2) a strict liability statute that regulates truthful

---

[2] Following the procedure directed by the district court instructions, each Petitioner joined the consolidated motion filed in *Lightbox*.  *E.g.*, Ltr. Joining in Mot. to Dismiss, *Atlas Data Privacy Corp. v. Searchbug, Inc.* ("*Searchbug*"), No. 1:24-cv-5658-HB (D.N.J.) (ECF 13).

speech with no culpability standard.

Plaintiffs and the New Jersey Attorney General opposed the motion arguing, *inter alia*, Daniel's Law (1) regulates "data," not speech; and (2) is content neutral, regulates commercial speech, and/or is a privacy statute that satisfies a lower level of scrutiny. *See id.* ECF 48, 49.[3]

### III.   <u>The District Court's Order Denying The Motion To Dismiss</u>

The district court denied the motion to dismiss.  Order, *Searchbug* (ECF 26) (attached as Exhibit A).  The court concluded that Daniel's Law is a content-based restriction on non-commercial speech, but nevertheless held it was not subject to strict scrutiny.  *See* Memorandum Opinion ("Mem.") at 23, 27-28, *Searchbug* (ECF 25) (attached as Exhibit B).  The court held the Law was exempt from strict scrutiny because it protects covered persons' "right to privacy," not just their safety. *Id.* at 25-27.  The district court ruled "privacy laws" are assessed under a different test set forth in *Florida Star v. B.J.F.*, 491 U.S. 524 (1989), and *Smith v. Daily Mail Publishing Co.*, 443 U.S. 97 (1979).  Mem. at 27-28.  According to the district court, that test considers:  (1) whether the information at issue "is lawfully obtained and is of public significance"; (2) whether "the law in question serves 'a need to further a state interest of the highest order'"; and (3) "whether the statute serves 'the

---

[3] Subsequently, the district court remanded more than 30 cases in which defendants had joined the consolidated motion to dismiss.  That remand order is the subject of pending petitions for review.  *See* Nos. 24-8044, 24-8045 (3d Cir.).

significant interests' the state purports to advance and is not underinclusive." *Id.* at

27-28.  The district court held Daniel's Law passed this test, reasoning that "the

distinctions made in Daniel's Law are sound – not arbitrary or discriminatory," and

that, although the Legislature could have made different policy choices, "the perfect

is not the enemy of the good." *Id.* at 28-32.

The district court recognized that the Law's text does not include a *mens rea*

requirement and observed that if the Law imposed strict liability, it would be

unconstitutional.  *Id.* at 37.  To save the Law, the court read a "negligence" standard

into it.  *Id.* at 38-39.  The court held liability can be imposed "only if a defendant

unreasonably disclosed or made available the home addresses and unlisted

telephone numbers of covered persons after the statutory deadline had expired." *Id.*

at 39.

On December 2, the district court *sua sponte* certified its order for immediate

appeal.  Order, *Searchbug* (ECF 27) (attached as Exhibit C).

Petitioners now seek this Court's permission to pursue an immediate appeal

of the threshold constitutional issues presented by the district court's decision.  To

be clear, Petitioners do not question the noble purpose that inspired Daniel's Law.

Rather, they seek only to challenge whether the amended version of the Law's

provisions imposing civil liability on private entities is facially unconstitutional.

## QUESTION PRESENTED

Whether Daniel's Law facially violates the First Amendment.

## ARGUMENT

As the district court correctly recognized, the First Amendment questions encompassed by its order merit interlocutory appeal.  Under § 1292(b), immediate appeal is warranted when (1) an interlocutory order presents "a controlling question of law" that (2) involves "substantial ground[s] for difference of opinion," and (3) an immediate appeal "may materially advance the ultimate termination of the litigation."  *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003).  Section 1292(b) enables the "early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the litigation," *Ford Motor Credit Co. v. S. E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981), and avoid "possibly wasted trial time and litigation expense," *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 756 (3d Cir. 1974) (en banc).  As the Supreme Court has observed, the "preconditions for § 1292(b) review . . . are most likely to be satisfied" when a case "involves a new legal question or is of special consequence."  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009).  That is the case here.  Indeed, the district court *sua sponte* held that all three requirements of § 1292 are satisfied.

I.      **Whether Daniel's Law Facially Abridges The First Amendment Presents A Controlling Question Of Law.**

A controlling question of law is, "at the very least," one "which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755.  It also includes legal questions that are "serious to the conduct of the litigation, either practically or legally." *Id.*

The question presented here is purely legal, requires no factual record, and is controlling.  If Daniel's Law is facially unconstitutional, the district court committed "reversible error," and these 37 cases would be dismissed.  Even if the cases continue after interlocutory review, the Court's guidance on the constitutional issues addressed by the district court, including its newly created "negligence" standard, will be essential.  Without immediate review, these cases will proceed under standards that, if erroneous, will result in substantial time and resources being expended on litigation that would be moot.  Resolution of those issues now would materially impact the litigation, both practically and legally.

II.     **There Are Substantial Grounds For Difference Of Opinion.**

Substantial grounds for difference of opinion exist when an "order involves 'one or more difficult and pivotal questions of law not settled by controlling authority,'" *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (citation omitted), or "when there is genuine doubt or conflicting precedent as to the correct legal standard," *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D.

Pa. 2009).  Courts also find substantial grounds when "novel and difficult questions of first impression are presented."  *E.g.*, *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quotation omitted); *accord In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

This Petition presents a question of first impression.  Before now, no federal court has decided the facial constitutionality of Daniel's Law.  Indeed, as the district court observed, the Supreme Court "has never ruled on a case like the ones now before this court."  Mem. at 31.  The question in this Petition carries profound importance:  whether Daniel's Law unconstitutionally restricts protected speech, including through severe penalties.  *See, e.g.*, *Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014) ("Because First Amendment litigation chills speech, prompt resolution of this case [through a § 1292(b) appeal] would provide the added benefit of minimizing any such chilling effect.").  And, the district court itself recognized substantial ground for disagreement by *sua sponte* certifying its order for immediate appeal.

A.    **There are substantial grounds for difference of opinion about the correct level of constitutional scrutiny.**

The Supreme Court has long instructed that content-based restrictions on speech are "presumptively unconstitutional."  *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015).  That presumption only can be overcome by satisfying "strict scrutiny," which requires that a law's restrictions be "narrowly tailored to serve

compelling state interests." *Id.* In other words, to survive strict scrutiny, a law

must "curtail speech as little as possible." *Camp Hill Borough Republican Ass'n v.*

*Borough of Camp Hill*, 101 F.4th 266, 271 (3d Cir. 2024).

The district court ruled that, although Daniel's Law is a content-based

restriction on speech, (1) strict scrutiny does not apply to content-based "privacy

laws"; (2) Daniel's Law is a privacy law subject only to the test set forth in *Florida*

*Star* and *Daily Mail*; and (3) Daniel's Law is constitutional under its formulation of

that test. There is substantial ground for difference of opinion on each issue.

*First*, this Court recently considered – but left undecided – the level of First

Amendment scrutiny required for content-based privacy regulations. In *Schrader*

*v. District Attorney of York County*, 74 F.4th 120 (3d Cir. 2023), the plaintiff

sought to enjoin the government from prosecuting her for disclosing information

protected under Pennsylvania's Child Protective Services Law. *Id.* at 123-24. The

plaintiff argued the law was "unconstitutional both on its face and as applied to

her." *Id.* at 124. In considering those arguments, the Court acknowledged that

"picking the right level of scrutiny is tricky," as "two lines of precedent apply":

(1) when a "restriction on speech is content-based" – as this Court held that law to

be – courts "apply strict scrutiny"; and (2) when the government seeks to sanction

"publishing lawfully obtained, truthful information," courts apply the *Daily Mail*

test. *Id.* at 126. The Court, ruling only on the plaintiff's as-applied challenge, held

11

that any prosecution of her would violate the First Amendment under either test. *Id.* It thus declined "to reconcile these two lines of precedent." *Id.*

Courts around the country have applied strict scrutiny to content-based speech restrictions that implicate privacy concerns. For example, in *IMDb.com Inc. v. Becerra*, the Ninth Circuit applied strict scrutiny to a content-based restriction on disclosing people's ages and dates of birth. 962 F.3d 1111, 1125-27 (9th Cir. 2020). The court observed that "the First Amendment and an individual's right to privacy present competing concerns," *id.* at 1124, but explained that only very limited categories of speech, like true threats and obscenity, evade "the normal prohibition on content-based restrictions," *id.* at 1121, 1124 (quoting *Nat'l Inst. of Family & Life Advocates v. Becerra*, 585 U.S. 755, 767 (2018)). The court recognized that "privacy" was not one of those categories: "neither this court, nor the Supreme Court, has held that content-based restrictions on public speech touching on private issues escape strict scrutiny." *Id.* at 1123. Likewise, earlier this year, a court in the Eastern District of Pennsylvania applied strict scrutiny in an as-applied challenge to a law that "protect[s] the privacy" of teachers and students. *Doe v. Schorn*, 711 F. Supp. 3d 375, 405-06 (E.D. Pa. 2024).

Here, in contrast to those cases, the district court held that strict scrutiny could *not* apply. Yet, other district courts that have considered the facial constitutionality of laws restricting disclosure of law enforcement officers'

addresses and phone numbers have applied both strict scrutiny and the *Daily Mail* test. *See Sheehan v. Gregoire*, 272 F. Supp. 2d 1135, 1144-48 (W.D. Wash. 2003) (invalidating civil statute prohibiting disclosure of law enforcement officers' addresses and phone numbers); *Brayshaw v. City of Tallahassee, Fla.*, 709 F. Supp. 2d 1244, 1249-50 (N.D. Fla. 2010) (invalidating similar criminal statute).

By declining to apply strict scrutiny and applying only the *Daily Mail* test, the district court relieved the Plaintiffs of their burden to overcome the presumption of unconstitutionality attached to the Law's content-based restriction, required the Petitioners to show the speech at issue is a matter of public concern, and avoided any analysis of whether Daniel's Law, as currently drafted, is overinclusive. Thus, the district court did not closely scrutinize either the Law's sweeping definition of "disclose," which on its face prohibits everything from "disseminating" voters' addresses to advocacy groups to a company "making available" addresses in an internal "database," N.J.S.A. 56:8-166.1(d), or the Law's new assignment provision, which incentivizes the monetization of thousands of claims, regardless of whether the alleged disclosures pose any reasonable threat to an individual covered person's safety or privacy.

***Second***, the district court selected which test to apply based on its characterization of Daniel's Law as "involving the right to privacy." Mem. at 27. That characterization was based on the district court's view that Daniel's Law

13

is analogous to the law governing access to public records and privacy torts.  *Id.* at

24-25, 30-31.  Whether the court properly considered Daniel's Law a "privacy

law" has significant constitutional implications for these cases, and there is

substantial ground for disagreement with the district court's analogy, even within

the very cases on which it relied.

For instance, the Freedom of Information Act cases cited by the district court

considered a person's privacy interest only in connection with requests from

private actors seeking information in the government's possession, not whether the

government can restrict private actors from publishing information they already

possess.  *See* Mem. at 24-25, 30-31 (citing *Paul P. v. Farmer*, 227 F.3d 98, 101 (3d

Cir. 2000), and *U.S. DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S.

749, 764 (1989)).  That is a very different question – a question at the heart of the

First Amendment's command that the government "shall make no law" abridging

freedom of speech.  *See, e.g.*, *IMDb.com*, 962 F.3d at 1124 (FOIA case law

addressing whether "government must affirmatively disclose personally identifying

information" poses "different question entirely").

The tort law relied upon by the district court also shows substantial grounds

for disagreement.  The district court cited a New Jersey Supreme Court case

holding that a plaintiff only has a claim for publication of private facts if the

information at issue is "actually private."  *Romaine v. Kallinger*, 537 A.2d 284,

292 (N.J. 1988) (cited at Mem. at 25). Plaintiffs have not alleged that here. *See* Compl., *Searchbug* (ECF 1-1). To the contrary, the district court recognized that covered persons' addresses and phone numbers appear in "property records," "voter registration lists," and other public records, Mem. at 30, some of which are readily available online, and have even been made publicly available by individual plaintiffs on social media and in press releases.[4]

In stark contrast to Daniel's Law, the New Jersey case cited by the district court and hornbook tort law make plain that "there is no liability for giving publicity to facts about the plaintiff's life that are matters of public record." RESTATEMENT (SECOND) OF TORTS § 652D cmt. b; *Romaine*, 537 A.2d at 292-93. Indeed, the availability of covered persons' information in public records raises significant constitutional issues about the propriety of imposing liability on people for disclosing that information, as reflected in another Supreme Court case upon which the district court relied. *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 495 (1975) (cited at Mem. at 26) ("the First and Fourteenth Amendments command nothing less than that the States may not impose sanctions on the publication of truthful information contained in official court records open to public inspection").

---

[4] *E.g.*, Property Record, County of Essex, N.J., https://press.essexregister.com/prodpress/clerk/ClerkHome.aspx?op=basic (last visited Dec. 11, 2024) (publicly searchable database with addresses); *Lightbox*, ECF 27-3 through 27-10.

***Third***, there is substantial ground for disagreement with the district court's application of the *Daily Mail* test.  The Supreme Court emphasized in *Daily Mail* that, to survive constitutional scrutiny, a "sanction for publishing lawfully obtained, truthful information" on a matter of public concern must serve "the *highest form* of state interest to sustain its validity."  443 U.S. at 101-02 (emphasis added).  The Court made clear that this level of scrutiny is the same as that required for prior restraints, which "have been accorded the *most* exacting scrutiny."  *Id.* at 102 (emphasis added).  Likewise, in *Florida Star*, the Supreme Court held that the government could only punish the publication of lawfully obtained truthful information if the punishment is "*narrowly tailored* to a state interest of the *highest order*."  491 U.S. at 541 (emphasis added).  This Court explained the test the same way in *Schrader*.  74 F.4th at 128.

The district court, however, considered only whether Daniel's Law serves "significant interests'" and "is not underinclusive" – not whether it was "narrowly tailored" to serve an "interest of the highest order."  *Compare, e.g.*, Mem. at 30-33 (concluding "[t]he perfect is not the enemy of the good"), *with Florida Star*, 491 U.S. at 534 (when "sensitive information is in the government's custody," it "almost always" has narrower means to prevent dissemination, including classifying or redacting it, and enacting "a damages remedy against the government" for disclosures).

Further, although the district court held that addresses and phone numbers of public officials are generally "not matters of public significance," Mem. at 28, other courts disagree, *see Brayshaw*, 709 F. Supp. 2d at 1249; *Publius v. Boyer-Vine*, 237 F. Supp. 3d 997, 1014 (E.D. Cal. 2017); *Sheehan*, 272 F. Supp. 2d at 1145. Moreover, Supreme Court precedent indicates that when the government provides information to the public, as it does here, that information is presumed to be in the public interest. *Cox Broad.*, 420 U.S. at 495 ("By placing the information in the public domain on official court records, the State must be presumed to have concluded that the public interest was thereby being served."). And, just like the government's disclosure of covered information permitted under the Law, the many types of disclosures by private entities prohibited by the Law are "necessary for . . . society to function," Mem. at 31, whether those disclosures are "giv[ing]" customers' addresses to vendors or "provid[ing]" litigants' addresses for service of process. N.J.S.A. 56:8-166.1(d).

In sum, there is substantial ground for disagreement with each of the determinations made by the district court involving the applicable level of constitutional scrutiny.

**B.    There are substantial grounds for disagreement with the district court's constitutional analysis of the Law's lack of any *mens rea* <u>requirement.</u>**

Under long-standing Supreme Court jurisprudence, a speaker cannot be sanctioned without requiring some degree of fault.  *E.g.*, *New York Times Co. v. Sullivan*, 376 U.S. 254, 278-79 (1964) (state-of-mind requirements are "essential" to protect First Amendment freedoms).  That jurisprudence is based on the recognition that "[p]rohibitions on speech have the potential to chill, or deter, speech outside their boundaries."  *Counterman v. Colorado*, 600 U.S. 66, 75 (2023).  To prevent this chilling effect, the Supreme Court has repeatedly held that liability can be imposed for speech *only* upon "a showing of a culpable mental state."  *Id.*

The district court acknowledged that the text of Daniel's Law does not include a *mens rea* requirement and recognized the Law would be unconstitutional if it imposed strict liability.  Mem. at 35.  To save the statute, the court construed it to contain a "negligence" requirement:  the recipient of a written notice can only be liable if it "unreasonably disclosed or made available" information "after the statutory deadline had expired."  *Id.* at 39.  There are substantial grounds for disagreement with this approach – particularly given that the judiciary's role is to interpret state statutes, not rewrite them.

18

*First*, it is questionable whether the district court correctly "predict[ed]" that the New Jersey Supreme Court would interpret Daniel's Law to "conform to the Constitution" by writing a *mens rea* standard into it. *Id.* at 36. Rather, the New Jersey Supreme Court likely would not construe the Law in this manner and instead would invalidate it. In *State v. Pomianek*, that court instructed that constitutional "avoidance comes into play when a statute is susceptible to two reasonable interpretations, one constitutional and one not." 110 A.3d 841, 855 (N.J. 2014). The New Jersey Supreme Court then held it could not interpret a section of a statute that was silent on *mens rea* to contain such a requirement: "The Legislature pointedly decided not to include such an element in" the subsection of the statute at issue, which was "evident by the presence of *mens rea* elements" in two other subsections. *Id.* The court thus held the lower court "erred by rewriting the statute to impose a *mens rea* element," characterizing that decision as "a judicial transplant" rather than "minor judicial surgery to save a statutory provision." *Id.*

The decision below undertook just the kind of "judicial transplant" *Pomianek* forbade. As in that case, Daniel's Law requires "willful or reckless disregard" to assess punitive damages, but the subsection imposing liability does not include any *mens rea* requirement. N.J.S.A. 56:8-166.1(c)(1), (2). The legislative history shows the New Jersey Legislature intended for Daniel's Law to

impose liability without a *mens rea* requirement.  Originally, damages could be imposed only if "a reasonable person would believe that providing . . . information would expose another to harassment or risk of harm to life or property."  N.J.S.A. 56:8-166.1(a) (2021).  But the Legislature later removed that language.  It is well-settled that courts must "presume" the Legislature "intend[ed]" this amendment "to have real and substantial effect."  *Ross v. Blake*, 578 U.S. 632, 633 (2015).

The ruling below also stands in contrast to federal appellate court decisions not reading *mens rea* requirements into laws restricting speech to save them from facial invalidation.  *See Video Software Dealers Ass'n v. Webster*, 968 F.2d 684, 690-91 (8th Cir. 1992) (declaring unconstitutional statute imposing strict liability for renting or selling violent videos to minors); *Am.-Arab Anti-Discrimination Comm. v. City of Dearborn*, 418 F.3d 600, 613 (6th Cir. 2005) (holding statute facially unconstitutional where it imposed strict liability for participating in a march without a permit).

***Second***, even if the district court properly concluded that a *mens rea* standard could be read into Daniel's Law, there is substantial ground for disagreement about the standard it created.  The district court adopted a "negligence" standard, which it said was based on the standard required for "the unreasonable publication of private facts."  Mem. at 38-39 (quoting *Romaine*, 537 A.2d at 291-92).  The public disclosure tort's "unreasonableness" standard,

however, considers whether "the matters revealed were actually private" and whether "dissemination of such facts would be offensive to a reasonable person." *Romaine*, 537 A.2d at 292. The district court's "unreasonableness" test diverges from that fault standard, as it is not tied to the harm Daniel's Law seeks to remedy, whether that harm is the security risk posed to the covered person or the loss of privacy in the person's address or phone number. Instead, the district court's test is tied to the defendant's ability to take down information within the ten-day period. Mem. at 38 (offering fire, hurricane, and computer failure as exculpatory examples).

This difference raises constitutional concerns. The Supreme Court has repeatedly held that for speech to be actionable under the First Amendment, the *mens rea* must be tailored to the harm the speech restriction seeks to prevent. For example, the tort of defamation remedies reputational harm caused by a material falsehood. Thus, when a public official brings a claim for defamation, the Supreme Court requires a showing that the defendant either knew of, or recklessly disregarded, a statement's falsity. *Sullivan*, 376 U.S. at 280. Likewise, laws punishing true threats remedy speech placing a person in fear that the speaker plans to "commit an act of unlawful violence." *Counterman*, 600 U.S. at 74. Accordingly, the Supreme Court requires a showing that the defendant "consciously disregarded a substantial risk that his communications would be

viewed as threatening violence." *Id.* at 69.  Here, in derogation of this precedent, the district court adopted a standard that is not tethered to any harm the speech restrictions imposed by Daniel's Law seek to prevent.

### III. An Immediate Appeal Would Materially Advance The Ultimate Termination Of These Cases.

An appeal materially advances the termination of litigation when it would "eliminate the need for a trial," "foreclos[e] complex issues," or "enable the parties to complete discovery more quickly or at less expense." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 707 (M.D. Pa. 2009).  This third criterion is "closely tied" to the first; both are satisfied when an interlocutory appeal speeds disposition of a case.  *Pub. Interest Rsch. Grp. of New Jersey, Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993) (citation omitted).

If the Court reverses, these cases will come to an end.  In that situation, delaying appellate review until after final judgment would squander private and judicial resources on sprawling, complex litigation that will have been unnecessary.  *Cf. In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (Section 1292(b) intended to avoid "protracted and expensive litigation").

Even if the Court rules against Petitioners' facial challenge after permitting interlocutory appeal, that decision would provide guidance that would sharpen,

streamline, and expedite resolution of Petitioners' as-applied challenges and other disputed issues that will shape the course of the litigation.

An immediate appeal might also aid the resolution of the more than 100 similar cases pending in New Jersey state courts. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("the impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal"); *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 100 (D.D.C. 2003) ("Resolution of this question would also assist many other courts in resolving similar disputes."). By deciding the merits of this appeal, the Court would provide persuasive guidance and thereby aid the disposition of this larger universe of cases and future cases likely to follow.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request the Court grant their Petition and permit interlocutory appeal.

Dated: December 12, 2024

**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
angelo.stio@troutman.com
melissa.chuderewicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioners-Defendants*
*RocketReach LLC (1:24-cv-04664), Deluxe*
*Corp. (1:24-cv-04080), PropertyRadar Inc.*
*(1:24-cv-05600), and DM Group Inc. (1:24-*
*cv-04075)*

**BALLARD SPAHR LLP**

*s/ Marcel S. Pratt*
Marcel S. Pratt
Michael Berry
1735 Market Street, Fl. 51
Philadelphia, PA  19103-7599
(215) 864-8500
prattm@ballardspahr.com
berrym@ballardspahr.com

*Attorneys for Petitioners-Defendants*
*Thomson Reuters Entities (1:24-cv-04269)*

**SEYFARTH SHAW LLP**

*s/ Robert T. Szyba*
Robert T. Szyba
620 Eighth Avenue, 32nd Floor
New York, NY  10018
(212) 218-5500
rszyba@seyfarth.com

*Attorneys for Petitioners-Defendants*
*We Inform, LLC (1:24-cv-04037),*
*Infomatics, LLC (1:24-cv-04041), and The*
*People Searchers, LLC (1:24-cv-04045)*

**MANSUKHANI LLP**

*s/ Clair E. Wischusen*
Clair E. Wischusen
291 W. Mt. Pleasant Avenue
Suite 3310
Livingston, NJ  070369
(973) 549-2500
cwischusen@grsm.com

*Attorneys for Petitioners-Defendants*
*Quantarium Alliance, LLC and Quantarium*
*Group, LLC (1:24-cv-04098)*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

*/s/ Derek L. Shaffer*
Derek L. Shaffer
1300 I Street NW, Suite 900
Washington D.C., 20005
(202) 538-8000
derekshaffer@quinnemanuel.com

-and-

Anthony J. Staltari
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
anthonystaltari@quinnemanuel.com

-and-

Viola Trebicka (application for admission
forthcoming)
John Wall Baumann (application for
admission forthcoming)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
violatrebicka@quinnemanuel.com
jackbaumann@quinnemanuel.com

-and-

Owen B. Smitherman (application for
admission forthcoming)
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
owensmitherman@quinnemanuel.com

*Attorneys for Petitioner-Defendant*
*Yardi Systems, Inc. (1:24-cv-04103)*

**LOMURRO, MUNSON, LLC**

*s/ Eric H. Lubin*
Eric H. Lubin
Monmouth Executive Center
4 Paragon Way, Suite 100
Freehold, NJ  07728
(732) 414-0300
ELubin@lomurrolaw.com

*Attorneys for Petitioner-Defendants
Digital Safety Products, LLC (1:24-cv-
04141), Civil Data Research (3:24-cv-
04143), and Scalable Commerce & National
Data Analytics (2:24-cv-04160)*

**STOEL RIVES LLP**

*s/ Misha Isaak*
Misha Isaak
James Kilcup
Alexandria Giza
760 SW Ninth Ave., Suite 3000
Portland, OR  97205
(503) 294-9460
misha.isaak@stoel.com
james.kilcup@stoel.com
alexandra.giza@stoel.com

-and –

**COOPER, LLC–COUNSELORS AT LAW**
Ryan J. Cooper
108 N. Union Ave., Suite 4
Cranford, NJ  07016
ryan@cooperllc.com

*Attorneys for Petitioners-Defendants
Labels & Lists, Inc. (1:24-cv-04174)*

**PIERSON FERDINAND LLP**

*s/ Jill A. Guldin*
Jill A. Guldin
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA  19103
(856) 896-4096
jill.guldin@pierferd.com

-and –

**FISHERBROYLES LLP**

Jason A. Spak (admission pending)
6360 Broad Street #5262
Pittsburgh, PA  15206
(412) 401-2000
jason.spak@fisherbroyles.com

*Attorneys for Petitioners-Defendants*
*Innovis (1:24-cv-24-04176)*

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ John E. MacDonald*
John E. MacDonald
3120 Princeton Pike, Suite 301
Lawrenceville, NJ  08648
(609) 454-0096
jmacdonald@constangy.com

*Attorneys for Petitioners-Defendants*
*Accurate Append, Inc. (1:24-cv-04178), and*
*Restoration of America, Inc. (1:24-cv-04324)*

**BUCHANAN INGERSOLL & ROONEY PC**

_s/ Samantha L. Southall_
Samantha L. Southall
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
(215) 665-3880
samantha.southall@bipc.com

_Attorneys for Petitioners-Defendants Zillow Inc. and Zillow Group, Inc._
_(1:24-cv-04256)_

**GIBBONS P.C.**

_s/ Frederick W. Alworth_
Frederick W. Alworth
Kevin R. Reich
One Gateway Center
Newark, NJ  07102-5310
(973) 596-4500
falworth@gibbonslaw.com
kreich@gibbonslaw.com

_Attorneys for Petitioners-Defendants Equimine, Inc. (1:24-cv-04261)_

**RIKER DANZIG LLP**

*s/ Michael P. O'Mullan*
Michael P. O'Mullan
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ  07962
(973) 451-8477
momullan@riker.com

*Attorneys for Petitioner-Defendant*
*Melissa Data Corporation (1:24-cv-04292)*

**STINSON LLP**

*s/ Richard J.L. Lomuscio*
Richard J.L. Lomuscio (*3rd Cir. App.*
*Pending)*
100 Wall Street, Suite 201
New York, New York 10005
646-883-7471
richard.lomuscio@stinson.com

*Attorneys for Petitioners-Defendants*
*i360, LLC (1:24-cv-04345)*

**GREENBERG TRAURIG, LLP**

_s/ David E. Sellinger_
David E. Sellinger
Aaron Van Nostrand
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 443-3557
sellingerd@gtlaw.com
Aaron.VanNosrand@gtlaw.com

_Attorneys for Petitioners-Defendants_
_GoHunt, LLC, GoHunt Management_
_Holdings, LLC and GoHunt Management_
_Holdings II, LLC (1:24-cv-04380)_

**LOWENSTEIN SANDLER LLP**

_s/ Jennifer Fiorica Delgado_
Jennifer Fiorica Delgado
Markiana J. Julceus
One Lowenstein Drive
Roseland, NJ  07068
(646) 414-6962
jdelgado@lowenstein.com
mjulceus@lowenstein.com

_Attorneys for Petitioners-Defendants_
_Accuzip, Inc. (1:24-cv-04383)_

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*s/ Thomas C. Regan*
Thomas C. Regan
Matthew S. AhKao
One Riverfront Plaza, Suite 800
Newark, NJ  07102
(973) 577-6260
Thomas.Regan@lewisbrisbois.com
Matthew.AhKao@lewisbrisbois.com


*Attorneys for Petitioners-Defendants*
*Synaptix Technology, LLC (1:24-cv-04385)*

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Petitioners-Defendants*
*Joy Rockwell Enterprises, Inc. d/b/a*
*PostcardMania PCM LLC ( 1:24-cv-04389)*

**THOMPSON HINE LLP**

*s/ J. Timothy McDonald*
J. Timothy McDonald
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia  30326
(404) 541-2906
Tim.McDonald@thompsonhine.com

*Attorneys for Petitioners-Defendant*
*Fortnoff Financial, LLC (1:24-cv-04390)*

**SIDLEY AUSTIN LLP**

*s/ Alan Charles Raul*
Alan Charles Raul
Jacquelyn Fradette
1501 K Street, NW
Washington, D.C. 20005
(202) 736-8822
jfradette@sidley.com
araul@sidley.com

-and –

Tyler J. Domino
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
tdomino@sidley.com

-and –

**MCELROY, DEUTSCH, MULVANEY,**
**& CARPENTER, LLP**

Nicholas K. Lagemann
1300 Mount Kemble Avenue
Morristown, NJ 07962

(973) 425-8210
NLagemann@mdmc-law.com

*Attorneys for Petitioners-Defendants*
*MyHeritage, Ltd. (1:24-cv-04392)*

**RKW, LLC**

*s/ H. Mark Stichel*
H. Mark Stichel
10075 Red Run Blvd., 4th Floor
Owings Mills, MD  21117
(443) 379-8987
RKWlawgroup.com

*Attorneys for Petitioner-Defendant*
*E-Merges.com, Inc. (1:24-cv-04434)*

**GORDON REES SCULLY**
**MANSUKHANI LLP**

*s/ Clair E. Wischusen*
Clair E. Wischusen
291 W. Mt. Pleasant Avenue
Suite 3310
Livingston, NJ 07039
(973) 549-2500
cwischusen@grsm.com

*Attorneys for Petitioner-Defendant Nuwber,*
*Inc. (1:24-cv-04609)*

**BLANK ROME LLP**

*s/ Stephen M. Orlofsky*
Stephen M. Orlofsky
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, NJ 08540
(609) 750-7700
Stephen.Orlofsky@BlankRome.com
Philip.Yannella@BlankRome.com
Thomas.Cialino@BlankRome.com

*Attorneys for Petitioner-Defendant Belles*
*Camp Communications, Inc. (1:24-cv-*
*04949)*

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Petitioner-Defendant*
*The Alesco Group, L.L.C. (1:24-cv-05656)*

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Petitioner-Defendant
Searchbug, Inc. (1:24-cv-05658)*

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Petitioner-Defendant
Amerilist, Inc. (1:24-cv-05775)*

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Petitioner-Defendant*
*US Data Corporation (1:24-cv-07324)*

**MANATT, PHELPS & PHILLIPS, LLP**

*s/ Kenneth D. Friedman*
Kenneth D. Friedman
7 Times Square
New York, NY  10036
(212) 790-4500
kfriedman@manatt.com

-and -

Kareem A. Salem (admission pending)
Brandon Reilly (admission pending)
662 Encinitas Blvd., Suite 216
Encinitas, CA  92024
(619) 205-8520
ksalem@manatt.com
breilly@manatt.com

*Attorneys for Petitioner-Defendant*
*Smarty, LLC (1:24-cv-08075)*

**WOOD, SMITH, HENNING &
BERMAN LLP**

*s/ Jared K. Levy*
Jared K. Levy
Jacqueline Murphy
Christopher J. Seusing
Sean V. Patel
400 Connell Drive, Suite 1100
Berkeley Heights, NJ  07922
(973) 265-9901
jlevy@wshblaw.com
jmurphy@wshblaw.com
cseusing@wshblaw.com
spatel@wshblaw.com

*Attorneys for Petitioner-Defendant
Compact Information Systems, LLC,
Accudata Integrated Marketing, Inc.,
Alumnifinder, ASL Marketing, Inc., College
Bound Selection Services, Deepsync Labs,
Homedata, and Student Research Group
(1:24-cv-08451)*

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

-and

**RAJ FERBER PLLC**

Kiran Raj (admission pending)
Ryan Scott Farber (admission pending)
1629 K Street NW, Suite 300
Washington, DC  20006
(202) 827-9785
kiran@rajferber.com
scott@raiferber.com

*Attorneys for Petitioner-Defendant*
*Darkowl, LLC (1:24-cv-10600)*

## CERTIFICATE OF COMPLIANCE

1.     This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 5(c)(1) because this petition contains 5,186 words, excluding the part of the petition exempted by Federal Rules of Appellate Procedure 5(b)(1)(E) and 32(a)(7)(B)(iii).

2.     This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3.     I certify pursuant to Third Circuit Local Appellate Rules 28.3(d) and 46.1(e) that I am a member of good standing of the Bar of this.

4.     I certify pursuant to Third Circuit Local Appellate Rule 31.1(c) that the text of the brief filed electronically is identical to the text in the paper copies of the brief, and that electronic versions of the brief filed on ECF were virus checked using Windows Defender Advanced Threat Protection Antivirus, Version 1.421.690.0 (last update 12/8/2024 at 11:12 PM EST) and no virus was detected.

Dated: December 12, 2024                    /s/ Angelo A. Stio III

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Third Circuit by using the

appellate CM/ECF system on December 12, 2024.

I further certify that copies of the foregoing were transmitted to all counsel

of record via email and commercial carrier for overnight delivery.

Dated:  December 12, 2024                    /s/ Angelo A. Stio

**ADDENDUM 1**
**TO JOINT PETITION FOR LEAVE TO FILE APPEAL**

**LIST OF PETITIONERS-DEFENDANTS**

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 1. | *Atlas Data Privacy Corp., et al v. We Inform, LLC, et al.* Civil Action No. 1:24-cv-4037 | We Inform, LLC |
| 2. | *Atlas Data Privacy Corp. et al. v. Infomatics, LLC, et al.* Civil Action No. 1:24-cv-4041 | Infomatics, LLC |
| 3. | *Atlas Data Privacy Corp., et al v. The People Searchers, LLC, et al.* Civil Action No. 1:24-cv-4045 | The People Searchers, LLC |
| 4. | *Atlas Data Privacy Corp., et al v. DM Group, Inc., et al.* Civil Action No. 1:24-cv-04075 | DM Group, Inc. |
| 5. | *Atlas Data Privacy Corp., et al v. Deluxe Corporation, et al.* Civil Action No. 1:24-cv-4080 | Deluxe Corporation |
| 6. | *Atlas Data Privacy Corp., et al v. Quantarium Alliance, LLC, et al.* Civil Action No. 1:24-cv-4098 | Quantarium Alliance, LLC Quantarium Group, LLC |
| 7. | *Atlas Data Privacy Corp., et al v. Yardi Systems, Inc., et al.* Civil Action No. 1:24-cv-4103 | Yardi Systems, Inc. |
| 8. | *Atlas Data Privacy Corp., et al v. Digital Safety Products, LLC, et al.* Civil Action No. 1:24-cv-4141 | Digital Safety Products, LLC |
| 9. | *Atlas Data Privacy Corp., et al v. Civil Data Research* Civil Action No. 1:24-cv-04143 | Civil Data Research |
| 10. | *Atlas Data Privacy Corp., et al v. Scalable Commerce, LLC* Civil Action No. 1:24-cv-04160 | Scalable Commerce, LLC National Data Analytics, LLC |
| 11. | *Atlas Data Privacy Corp., et al v. Labels & Lists, Inc..* Civil Action No. 1:24-cv-4174 | Labels & Lists, Inc. |

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 12. | *Atlas Data Privacy Corp., et al v. Innovis Data Solutions Inc.,* Civil Action No. 1:24-cv-4176 | Innovis Data Solutions Inc. |
| 13. | *Atlas Data Privacy Corp., et al v. Accurate Append, Inc.* Civil Action No. 1:24-cv-4178 | Accurate Append, Inc. |
| 14. | *Atlas Data Privacy Corp., et al v. Zillow, Inc., et al.* Civil Action No. 1:24-cv-04256 | Zillow, Inc. Zillow Group, Inc. |
| 15. | *Atlas Data Privacy Corp., et al v. Equimine, Inc., et al.* Civil Action No. 1:24-cv-04261 | Equimine, Inc. |
| 16. | *Atlas Data Privacy Corp., et al v. Melissa Data Corp., et al.* Civil Action No. 1:24-cv-4292 | Melissa Data Corp. |
| 17. | *Atlas Data Privacy Corp., et al v. Restoration of America, et al.* Civil Action No. 1:24-cv-4324 | Restoration of America Voter Reference Foundation, LLC |
| 18. | *Atlas Data Privacy Corp., et al v. i360, LLC, et al.* Civil Action No. 1:24-cv-4345 | i360, LLC |
| 19. | *Atlas Data Privacy Corp., et al v. GoHunt, LLC, et al.* Civil Action No. 1:24-cv-04380 | GoHunt, LLC GoHunt Management Holdings LLC GoHunt Management Holdings II, LLC |
| 20. | *Atlas Data Privacy Corp., et al v. Accuzip, Inc.,* Civil Action No. 1:24-cv-4383 | Accuzip, Inc. |
| 21. | *Atlas Data Privacy Corp., et al v. Synaptix Technology, LLC, et al.* Civil Action No. 1:24-cv-4385 | Synaptix Technology, LLC VoterRecords.com |
| 22. | *Atlas Data Privacy Corp., et al v. Joy Rockwell Enterprises, Inc., et al.* Civil Action No. 1:24-cv-4389 | Joy Rockwell Enterprises, Inc. |
| 23. | *Atlas Data Privacy Corp., et al v. Fortnoff Financial, LLC, et al.* Civil Action No. 1:24-cv-04390 | Fortnoff Financial, LLC |

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 24. | *Atlas Data Privacy Corp., et al v. MyHeritage, Ltd., et al.* Civil Action No. 1:24-cv-4392 | MyHeritage, Ltd. |
| 25. | *Atlas Data Privacy Corp., et al v. E-Merges.com, Inc.* Civil Action No. 1:24-cv-4434 | E-Merges.com, Inc. |
| 26. | *Atlas Data Privacy Corp., et al v. Nuwber, Inc., et al.* Civil Action No. 1:24-cv-04609 | Nuwber, Inc. |
| 27. | *Atlas Data Privacy Corp., et al v. RocketReach LLC, et al.* Civil Action No. 1:24-cv-4664 | RocketReach LLC |
| 28. | *Atlas Data Privacy Corp., et al v. Belles Camp Communications, Inc., et al.* Civil Action No. 1:24-cv-04949 | Belles Camp Communications, Inc. |
| 29. | *Atlas Data Privacy Corp., et al v. PropertyRadar, Inc., et al.* Civil Action No. 1:24-cv-5600 | PropertyRadar, Inc. |
| 30. | *Atlas Data Privacy Corp., et al v. The Alesco Group, L.L.C.* Civil Action No. 1:24-cv-5656 | The Alesco Group, L.L.C. Alesco AI, LLC Alesco Marketing Solutions, L.L.C. Stat Resource Group Inc. Response Solutions Group, LLC |
| 31. | *Atlas Data Privacy Corp., et al v. Searchbug, Inc.* Civil Action No. 1:24-cv-05658 | Searchbug, Inc. |
| 32. | *Atlas Data Privacy Corp., et al. v. Amerilist, Inc., et al.* Civil Action No. 1:24-cv-05775 | Amerilist, Inc. |
| 33. | *Atlas Data Privacy Corp., et al. v. US Data Corporation, et al.* Civil Action No. 1:24-cv-7324 | US Data Corporation |
| 34. | *Atlas Data Privacy Corp., et al. v. Smarty, LLC, et al.* Civil Action No. 1:24-cv-8075 | Smarty, LLC |

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 35. | *Atlas Data Privacy Corp., et al. v. Compact Information Systems, LLC, et al.* <br> Civil Action No. 1:24-cv-8451 | Compact Information Systems, LLC <br> Accudata Integrated Marketing, Inc. <br> Alumnifinder <br> ASL Marketing, Inc. <br> College Bound Selection Service <br> Deepsync Labs <br> HomeData <br> Student Research Group |
| 36. | *Atlas Data Privacy Corp., et al. v. Darkowl, LLC, et al.* <br> Civil Action No. 1:24-cv-10600 | Darkowl, LLC |
| 37. | *Atlas Data Privacy Corp., et al. v. Thomson Reuters Corp., et al.* <br> Civil Action No. 1:24-cv-04269 | Thomson Reuters Corporation <br> Thomson Reuters Canada Limited <br> Thomson Reuters Enterprise Centre GmbH <br> West Publishing Corporation[1] |

---

[1] The Complaint in this action originally named four defendants:  Thomson Reuters Corporation, Thomson Reuters Holdings Inc. ("TR Holdings"), Thomson Reuters Canada Limited, and Thomson Reuters Applications Inc. ("TR Applications"). *See* ECF No. 1.  On December 10, 2024, the district court entered a Stipulated Order pursuant to Rule 21 of the Federal Rules of Civil Procedure in which it dismissed TR Holdings and TR Applications without prejudice and substituted Thomson Reuters Enterprise Centre GmbH ("TREC") and West Publishing Corporation ("West") as defendants, stating that TREC and West are subject to all of the orders that it entered in the action, that TREC and West were deemed to have joined the Consolidated Motion to Dismiss, and that the Order denying the Consolidated Motion to Dismiss and the Order certifying that decision for immediate interlocutory appeal were deemed filed in the action.  *See* ECF 62. Of the current defendants, only TREC and West have been served.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4037
WE INFORM, LLC, et al.      :
_____

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4041
INFOMATICS, LLC, et al.     :
_____

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4045
THE PEOPLE SEARCHERS, LLC,  :
et al.                      :
_____

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4075
DM GROUP, INC., et al.      :
_____

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4080
DELUXE CORPORATION, et al.  :
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4096
DELVEPOINT, LLC, et al.         :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4098
QUANTARIUM ALLIANCE, LLC,       :
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4103
YARDI SYSTEMS, INC., et al.     :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4141
DIGITAL SAFETY PRODUCTS,        :
LLC, et al.                     :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-4143
CIVIL DATA RESEARCH             :
```
_____

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :              NO. 24-4160
SCALABLE COMMERCE, LLC,         :
et al.                          :
```

---

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :              NO. 24-4174
LABELS & LISTS, INC             :
```

---

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :              NO. 24-4176
INNOVIS DATA SOLUTIONS INC.,    :
et al.                          :
```

---

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :              NO. 24-4178
ACCURATE APPEND, INC.,          :
et al.                          :
```

---

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :              NO. 24-4256
ZILLOW, INC., et al.            :
```

---

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4261 |
| EQUIMINE, INC., et al. | : | |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4292 |
| MELISSA DATA CORP., et al. | : | |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4324 |
| RESTORATION OF AMERICA, et al. | : | |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4345 |
| i360, LLC, et al. | : | |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4380 |
| GOHUNT, LLC, et al. | : | |

```
ATLAS DATA PRIVACY                :           CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :           NO. 24-4383
ACCUZIP, INC., et al.             :
```
_____

```
ATLAS DATA PRIVACY                :           CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :           NO. 24-4385
SYNAPTIX TECHNOLOGY, LLC,         :
et al.                            :
```
_____

```
ATLAS DATA PRIVACY                :           CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :           NO. 24-4389
JOY ROCKWELL ENTERPRISES,         :
INC., et al.                      :
```
_____

```
ATLAS DATA PRIVACY                :           CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :           NO. 24-4390
FORTNOFF FINANCIAL, LLC,          :
et al.                            :
```
_____

```
ATLAS DATA PRIVACY                :           CIVIL ACTION
CORPORATION, et al.               :
                                  :
        v.                        :
                                  :           NO. 24-4392
MYHERITAGE, LTD., et al.          :
```
_____

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4434 |
| E-MERGES.COM, INC. | : | |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4609 |
| NUWBER, INC., et al. | : | |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4664 |
| ROCKETREACH LLC, et al. | : | |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-4949 |
| BELLES CAMP COMMUNICATIONS, INC., et al. | : | |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | NO. 24-5600 |
| PROPERTYRADAR, INC., ET AL. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-5656 |
| THE ALESCO GROUP, L.L.C. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-5658 |
| SEARCHBUG, INC. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-5775 |
| AMERILIST, INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-7324 |
| US DATA CORPORATION, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-8075 |
| SMARTY, LLC, et al. | : | |

```
ATLAS DATA PRIVACY               :          CIVIL ACTION
CORPORATION, et al.              :
                                 :
          v.                     :
                                 :          NO. 24-8451
COMPACT INFORMATION SYSTEMS,     :
LLC, et al.                      :
```

```
ATLAS DATA PRIVACY               :          CIVIL ACTION
CORPORATION, et al.              :
                                 :
          v.                     :
                                 :          NO. 24-10600
DARKOWL, LLC, et al.             :
```

ORDER

AND NOW, this 26th day of November, 2024, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that the consolidated motion of defendants to dismiss these actions under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Daniel's Law is unconstitutional on its face is DENIED.

BY THE COURT:


/s/  Harvey Bartle III
                                                    J.

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4037
WE INFORM, LLC, et al.      :
_____

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4041
INFOMATICS, LLC, et al.     :
_____

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4045
THE PEOPLE SEARCHERS, LLC,  :
et al.                      :
_____

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4075
DM GROUP, INC., et al.      :
_____

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
          v.                :
                            :          NO. 24-4080
DELUXE CORPORATION, et al.  :
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
         v.                   :
                              :          NO. 24-4096
DELVEPOINT, LLC, et al.       :
```
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
         v.                   :
                              :          NO. 24-4098
QUANTARIUM ALLIANCE, LLC,     :
et al.                        :
```
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
         v.                   :
                              :          NO. 24-4103
YARDI SYSTEMS, INC., et al.   :
```
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
         v.                   :
                              :          NO. 24-4141
DIGITAL SAFETY PRODUCTS,      :
LLC, et al.                   :
```
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
         v.                   :
                              :          NO. 24-4143
CIVIL DATA RESEARCH           :
```
_____

```
ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4160
SCALABLE COMMERCE, LLC,         :
et al.                          :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4174
LABELS & LISTS, INC             :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4176
INNOVIS DATA SOLUTIONS INC.,    :
et al.                          :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4178
ACCURATE APPEND, INC.,          :
et al.                          :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4256
ZILLOW, INC., et al.            :
_____
```

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4261
EQUIMINE, INC., et al.          :
```
_____

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4292
MELISSA DATA CORP., et al.      :
```
_____

```
 ATLAS DATA PRIVACY             :            CIVIL ACTION
 CORPORATION, et al.            :
                                :
         v.                     :
                                :            NO. 24-4324
 RESTORATION OF AMERICA,        :
 et al.                         :
```
_____

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4345
i360, LLC, et al.               :
```
_____

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4380
GOHUNT, LLC, et al.             :
```
_____

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4383 |
| ACCUZIP, INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4385 |
| SYNAPTIX TECHNOLOGY, LLC, | : | |
| et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4389 |
| JOY ROCKWELL ENTERPRISES, | : | |
| INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4390 |
| FORTNOFF FINANCIAL, LLC, | : | |
| et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4392 |
| MYHERITAGE, LTD., et al. | : | |

```
ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4434
E-MERGES.COM, INC.              :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4609
NUWBER, INC., et al.            :

_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4664
ROCKETREACH LLC, et al.         :

_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-4949
BELLES CAMP COMMUNICATIONS,     :
INC., et al.                    :
_____

ATLAS DATA PRIVACY              :              CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :              NO. 24-5600
PROPERTYRADAR, INC., ET AL.     :
_____
```

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-5656 |
| THE ALESCO GROUP, L.L.C. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-5658 |
| SEARCHBUG, INC. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-5775 |
| AMERILIST, INC., et al. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-7324 |
| US DATA CORPORATION, et al. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-8075 |
| SMARTY, LLC, et al. | : | |

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-8451
COMPACT INFORMATION SYSTEMS,    :
LLC, et al.                     :
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :           NO. 24-10600
DARKOWL, LLC, et al.            :
```

MEMORANDUM

Bartle, J.                                      November 26, 2024

The plaintiffs in these 37 civil actions allege violations of a New Jersey statute known as Daniel's Law.[1] Before the court is the consolidated motion of defendants to dismiss on the ground that Daniel's Law is unconstitutional on its face. Defendants assert that it abridges their freedom of speech.

Daniel's Law provides that judges, prosecutors and other law enforcement officers as well as their immediate family members ("covered persons") may request in writing that any person, business, or association not disclose or make available

---

1. Daniel's Law as amended is codified as follows: N.J.S.A. 2C:20-31.1, 17:46B-1.1, 19:31-18:1, 46:26A-12, 47:1-17, 47:1A-1.1, 47:1A-5, 47:1B-1, 47:1B-2, 47:1B-3, 47:1B-4, 56:8-166.1, 56:8-166.3.

their home addresses and unpublished telephone numbers. It creates a civil remedy for actual and punitive damages and injunctive relief for non-compliance not only for covered persons but also for their assignees. There are also criminal penalties.

Plaintiffs are Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan. The named individual plaintiffs, who are police officers or correctional officers, allege they are "covered persons" under Daniel's Law. Atlas is the assignee of approximately 19,000 unnamed covered persons who used its website to notify defendants to cease disclosure of their personal contact information. The defendants include real estate businesses, direct-mailing and marketing companies, data brokers, and other entities that provide fundraising support to charities and other non-profits.[2] According to plaintiffs, defendants are entities which continued to make available their home address and unlisted phone numbers in violation of Daniel's Law. There is no allegation that this information was untruthful or that defendants obtained it illegally.

---

2. There are also named as defendants ten "Richard Roes" and ten "ABC Companies" in each complaint.

I.

In or about February 2024 and thereafter, plaintiffs
filed these actions in the Superior Court in a number of
different counties in New Jersey.  Defendants, pursuant to 28
U.S.C. §§ 1441 and 1446, removed the actions to the United
States District Court for the District of New Jersey on the
ground that diversity jurisdiction exists pursuant to 28 U.S.C.
§ 1332(a).  The individual plaintiffs are citizens of New Jersey
while Atlas, a corporation, is a citizen of both Delaware and
New Jersey.  All defendants are citizens of states other than
New Jersey and Delaware.  There is no dispute that the requisite
amounts in controversy have been satisfied.

All of the judges of the District of New Jersey
recused themselves.  On April 2, 2024, the Chief Judge of the
United States Court of Appeals for the Third Circuit reassigned
these and all related actions to the undersigned pursuant to 28
U.S.C. § 292(b).  E.g., Order, Atlas Data Privacy Corp. v.
Blackbaud, Inc., Civil Action No. 24-3993 (D.N.J. April 2, 2024)
(Doc. No. 13).

This court held several status conferences in these
and other reassigned Daniel's Law cases at which defendants made
it known that they intended to challenge Daniel's Law on various

-10-

grounds.[3]  Some also maintained that subject matter jurisdiction

was absent.  The court, in an effort to proceed in an orderly

fashion, stayed all these actions except for motions to remand

for lack of subject matter jurisdiction and motions to dismiss

on the ground of facial unconstitutionality.  The court

thereafter remanded 39 Daniel's Law cases for lack of diversity

jurisdiction.  It denied remand in one case, Atlas Data Privacy

Corp. v. MyHeritage Ltd., Civil Action No. 24-4392, because of

fraudulent joinder of a non-diverse defendant.  Memorandum at

31, Atlas Data Privacy Corp. v. MyHeritage Ltd., Civil Action

No. 24-4392 (D.N.J. Nov. 20, 2024) (Doc. No. 52).[4]  The

consolidated motion being decided here relates to the actions

for which no challenge to subject matter jurisdiction is

pending.

The court gave notice of these actions to the Attorney

General of New Jersey, who intervened.  See 28 U.S.C. § 2403(b);

Fed. R. Civ. P. 5.1(b).  With the court's permission, the

---

3.  On March 25, 2024, even before the status conferences,
Delvepoint, LLC, the defendant in one of the cases, had moved to
dismiss.  Atlas Data Privacy Corp. v. Delvepoint, LLC, Civil
Action No. 24-4096 (Doc. No. 3).

4.  In Atlas Data Privacy Corp. v. Thomson Reuters Corp., Civil
Action No. 24-4269 (D.N.J. filed Mar. 27, 2024), the court
granted remand on the ground that non-diverse defendants Thomson
Reuters Holdings and Thomson Reuters Applications had not proven
fraudulent joinder.  The court has granted these defendants
leave to file a motion for reconsideration on or before December
2, 2024.

-11-

National Association of Assistant United States Attorneys, the
New Jersey State Policemen's Benevolent Association, Inc., and
the National Association of Police Organizations filed an amicus
brief.  E.g., Brief for the Nat'l Ass'n of Assistant U.S. Att'ys
et al. as Amici Curiae, Atlas Data Privacy Corp. v. Lightbox
Parent, L.P., Civil Action No. 24-4105 (D.N.J. Aug. 1, 2024)
(Doc. No. 47-1).

II.

The complaints recite and the court at the outset
takes judicial notice of the tragic circumstances that led to
the passage of Daniel's Law.  In July 2020, a disgruntled lawyer
who had litigated before United States District Judge Esther
Salas sought to assassinate her at her home in New Jersey.
Esther Salas, My Son Was Killed Because I'm a Federal Judge,
N.Y. Times (Dec. 8, 2020), https://www.nytimes.com/
2020/12/08/opinion/esther-salas-murder-federal-judges.html.
After finding her home address on the Internet, the lawyer
showed up on a Sunday evening armed and dressed as a delivery
driver.  Id.  Daniel Anderl, Judge Salas's twenty-year-old son,
answered the door and was fatally shot by the lawyer.  Id.  Her
husband and Daniel's father was severely wounded.  Id.  The
lawyer then fled.  In response to these crimes, the New Jersey
Legislature passed Daniel's Law in November 2020 and has amended
it thereafter.

-12-

Daniel's Law, as declared by the New Jersey Legislature, was enacted to serve the following goals:

> This act shall be liberally construed in order to accomplish its purpose and the public policy of this State, which is to enhance the safety and security of certain public officials in the justice system, including judicial officers, law enforcement officers, child protective investigators[,] . . . and prosecutors, who serve or have served the people of New Jersey, and the immediate family members of these individuals, to foster the ability of these public servants who perform critical roles in the justice system to carry out their official duties without fear of personal reprisal from affected individuals related to the performance of their public functions.

N.J.S.A. 56:8-166.3 (emphasis added).

The law prohibits any entity when requested from thereafter disclosing the home address and unpublished telephone number of a covered person:

> Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or re-disclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person . . . .

Id. at 56:8-166.1(a)(1). The notice must be in writing and state that the person seeking non-disclosure is a person authorized to do so. Id. at 56.8-166.1(2). A "covered person" is defined as "an active, formerly active, or retired judicial

-13-

officer, law enforcement officer, or child protective investigator . . ., or prosecutor and any immediate family member residing in the same household as such [individual]." Id. at 56:8-166.1(d).

"Disclose" means "to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer" and includes "making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed." Id.

The prohibition on disclosure is triggered, as noted above, when a covered person transmits to an entity written notice requesting non-disclosure. The entity must comply with the request no later than 10 business days after receipt. Id. If it does not, it is "liable to the covered person or the covered person's assignee, who may bring a civil action in the Superior Court." Id. at 56:8-166.1(b) (emphasis added). Under Daniel's Law, an "[a]ssignee' means a person or entity to whom or which an authorized person has assigned, in writing, a covered person's right to bring a civil action for violation of subsection a. of this section."[5] Id. at 56:8-166.1(d).

_____

5.    Covered persons may also request through the New Jersey Office of Information Privacy that public agencies redact or cease to disclose home addresses.  Public agencies shall redact such information no later than 30 days after the request has

Non-compliance carries a monetary penalty and the award of appropriate equitable relief. The court shall award:

> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
>
> (2) punitive damages upon proof of willful or reckless disregard of the law;
>
> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
>
> (4) any other preliminary and equitable relief as the court determines to be appropriate.

Id. at 56:8-166.1(c). In addition, Daniel's Law provides for criminal liability.[6]

---

been approved by the Office of Information Privacy. N.J.S.A. 47:1B-2.

6. Daniel's Law provides:

> Upon notification pursuant to subsection c. of this section, and not later than 10 business days after receipt thereof, a person shall not knowingly, with purpose to expose another to harassment or risk of harm to life or property, or in reckless disregard of the probability of such exposure, post, repost, publish, or republish on the Internet, or otherwise make available, the home address or unpublished home telephone number of any covered person, except in compliance with any court order, law enforcement investigation, or request by a government agency or person duly acting on behalf of the agency.

N.J.S.A. 2C:20-31.1(b).

It also provides that: "[a] reckless violation of subsection b. is a crime of the fourth degree. A purposeful

In limited circumstances, Daniel's Law exempts certain governmental and other entities from the prohibition against the disclosure of a home address—but not the home telephone number—of a covered person.  Id. at 47:1B-3.  For example, a county recording officer is not required to redact the home address of a covered person from property records which are publicly available.  Id. at 47:1B-3(a)(2).  Similarly, a government agency may disclose the home address of a covered person to a third-party contractor but only for the purposes of carrying out its contract with the agency.  Id. at 47:1B-3(a)(5).

III.

Defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss the plaintiffs' complaints on the ground that Daniel's Law is unconstitutional on its face.  As stated in Neitzke v. Williams, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  490 U.S. 319, 326 (1989).  The court must accept as true all well-pleaded facts in the complaints. Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 195 (2024). The court may also consider exhibits attached to the complaints and take judicial notice of matters of public record.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d

---

violation of subsection b. is a crime of the third degree."  Id. at 2C:20-31.1(d).

-16-

1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright &

Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1357 (2d ed.

1990)).

The eight individual plaintiffs, two of whom are

correctional officers and six of whom are police officers,

allege that they were threatened with violence as a result of

his or her public service.[7]  For present purposes, these

allegations must be accepted as true.  After Daniel's Law was

---

7.   Officer Jane Doe-1 is a law enforcement officer who was
surveilled along with her young child at her home by a major
criminal organization that she was investigating.

Officer Jane Doe-2 is a correctional officer who discovered
a note left behind by an inmate in the correctional facility's
law library that contained her full name and home address.

Detective Edwin Maldonado, a law enforcement officer, moved
after receiving death threats from the criminal organization
Mara Salvatrucha-13 ("MS-13") at his home.  When MS-13 could not
locate him at his new address, they targeted his mother and
attempted to burn down her building.

Sergeant Scott Maloney and Officer Justyna Maloney are both
law enforcement officers who received death threats and demands
for ransom by phone after Officer Maloney's encounter with a
civilian was filmed and posted online.  Two individuals were
arrested after they were spotted by a neighbor circling the
Maloneys' house, armed and wearing ski masks.

Detective Patrick Colligan, during his 32 years in law
enforcement, has received numerous threats targeted at him and
his family.  He has a surveillance camera and alarm system and
trained his family how to respond to an attack on his home.

Officer Peter Andreyev, a law enforcement officer, has
received numerous death threats and threats of violence targeted
at himself and his family members.

Officer William Sullivan, a correctional officer, has
likewise received death threats and threats of violence directed
at himself and his family.

enacted, each individual plaintiff sent defendants written notices requesting that defendants cease disclosing or re-disclosing his or her home address and unlisted telephone number.

Atlas owns and operates an online platform for covered persons to identify data brokers and send written notices. To use the service, covered persons must sign up for an account and set up an email address with Atlas. They can then use the platform to identify which entities are disclosing their personal information and send written notices to those entities using their Atlas email account. Approximately 19,000 covered persons signed up with Atlas and used its platform to send written notices to defendants.

In exchange for using the platform, these covered persons agreed to Atlas's terms of service. Those terms of service state that, upon receipt of written notice from Atlas, a covered person using Atlas's platform is "deemed . . . to have irrevocably assigned to [Atlas] all of [his or her] rights to bring a claim (and seek damages, other legal remedies, and fees, costs, and litigation expenses) for violations of [his or her] rights under" Daniel's Law. The terms of service further provide that "[Atlas] will have the exclusive right to bring such civil enforcement actions" after assignments take place. At that point, these covered persons have assigned absolutely

-18-

their claims under Daniel's Law to Atlas.  Under their agreement
with Atlas, Atlas will remit 65% of any recovery to the covered
persons and retain 35% for itself.

Atlas and the individual plaintiffs claim that
defendants never responded to the written notices and never
redacted the personal information of the individual plaintiffs
or of the 19,000 unnamed covered persons who have assigned their
claims to Atlas.

IV.

The First Amendment to the Constitution, on which
defendants rely, states in relevant part: "Congress shall make
no law . . . abridging the freedom of speech . . . ."  This
constitutional prohibition also applies to the laws of the
states through the due process clause of the Fourteenth
Amendment.  Manhattan Cmty. Access Corp. v. Halleck, 587 U.S.
802, 808 (2019).  To succeed on a facial challenge in a First
Amendment case, the party making the challenge must establish
that "the law's unconstitutional applications substantially
outweigh its constitutional ones." Moody v. NetChoice, LLC, 144
S. Ct. 2383, 2397 (2024).

The court will quickly dispose of the plaintiffs'
first argument that Daniel's Law is regulating only data and
therefore is not restricting speech.  If plaintiffs are correct,
there is no First Amendment issue to be resolved.  The Supreme

-19-

Court has described speech as expressive activity intended and reasonably understood as communicative. <u>Clark v. Cmty. for Creative Non-Violence</u>, 468 U.S. 288, 294 (1984). If, for example, defendants simply published statistics compiled by the Census Bureau, the information would probably be characterized as data. That is not what is happening here. Instead, the home addresses and unlisted phone numbers being disseminated are tied to specific persons. In other words, the defendants are telling the world that Police Officer Jane Jones resides at 123 Main Street, Camden and can be reached at 609-000-0000.

     If Daniel's Law limits speech, plaintiffs assert that the law simply restricts commercial speech which is subject to a lesser standard of judicial scrutiny and is afforded less protection under the First Amendment than other forms of speech. <u>Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.</u>, 447 U.S. 557, 562-63 (1980). The Supreme Court has defined commercial speech as "expression related <u>solely</u> to the economic interests of the speaker and its audience," that is expression which serves the economic interests of both the speaker and consumer. <u>Id.</u> at 561 (emphasis added). The Court has also described commercial speech as "speech that does no more than propose a commercial transaction." <u>United States v. United Foods, Inc.</u>, 533 U.S. 405, 409 (2001). Our Court of Appeals has observed that commercial speech is generally found in

-20-

advertising for the sale of goods and services.  U.S.
Healthcare, Inc. v. Blue Cross of Greater Phila., 898 F.2d 914,
933 (3d Cir. 1990).

Commercial speech may be restricted when the message
is either inaccurate or misleading or when the message promotes
unlawful activity.  Cent. Hudson, 447 U.S. at 566.  Otherwise it
may be limited only where the government's interest in
regulating such speech is substantial, the government's
regulation directly advances that interest, and the regulation
is no more extensive than necessary.  Id. at 571-72.  This level
of review of commercial speech is generally called intermediate
scrutiny.  Greater Phila. Chamber of Com. v. City of Phila., 949
F.3d 116, 137-38 (3d Cir. 2020).

While Daniel's Law includes to "sell" and to
"advertise" within the definition of "disclose," they are merely
two verbs among many that are enumerated.  The definition also
encompasses to "give, . . . post, . . . disseminate, [and]
exhibit."  In addition, "disclose" in Daniel's Law means to make
"available or viewable within a searchable list or database."
N.J.S.A. 56:8-166.1(d).  The Supreme Court has explained that
commercial speech must relate solely to the economic interests
of its speaker and its audience.  Daniel's Law allows covered
persons to prevent the dissemination of certain personal
information regardless of the means or reasons for the

-21-

dissemination.  Its stated purpose in limiting expression is to
enhance the safety and security of judges, prosecutors, and law
enforcement officers and to foster their ability to carry out
their duties without fear of reprisal.  The expression in issue
here is not about the economic interests of the plaintiffs, the
defendants, or the public, let alone solely about their economic
interests.  The speech certainly does not propose a commercial
transaction.  Daniel's Law, in this court's view, does not
concern commercial speech.

The court must decide whether Daniel's Law is content-
based or content-neutral on its face since the level of judicial
scrutiny will depend on this distinction.  See Reed v. Town of
Gilbert, 576 U.S. 155, 166 (2015).  The Supreme Court has
explained that "government regulation of speech is content based
if a law applies to particular speech because of the topic
discussed or the idea or message expressed."  Id. at 163.
Speech is content-based when it is regulated by subject matter,
when there are restrictions on a particular viewpoint, or when
there is a prohibition of a particular topic.  Id. at 169.  In
contrast, a law is content-neutral when it is "justified without
reference to the content of the regulated speech."  Bartnicki v.
Vopper, 532 U.S. 514, 526 (2001) (quoting Ward v. Rock Against
Racism, 491 U.S. 781, 791 (1989)).

Daniel's Law authorizes covered persons to request non-disclosure of their home addresses and unpublished phone numbers.  It clearly regulates particular subject matter.  Accordingly, Daniel's Law is content-based.

The Supreme Court's more recent decision in City of Austin v. Reagan Nat'l Advertising of Austin, LLC, 596 U.S. 61 (2022), cited by plaintiffs, does not mandate a contrary result.  There, the Court upheld the constitutionality of a city ordinance regulating on-premises signs differently than off-premises signs.  The ordinance dealt with such matters as their size, illumination and location.  The Court ruled that the ordinance was "agnostic as to content" and thus was content neutral so as to be subject to intermediate and not strict scrutiny.  The facts in City of Austin contrast markedly from the situation here.  Id. at 69-71.

As Daniel's Law limits content-based speech, the defendants maintain that it is subject to strict scrutiny.  Under that standard, the law would be "presumptively unconstitutional and may be justified only if the government proves that [it is] narrowly tailored to serve compelling state interests."  Reed, 576 U.S. at 163.

Plaintiffs urge that a somewhat different analysis should be applied in deciding the constitutionality of Daniel's Law because Daniel's Law is a privacy statute.  Plaintiffs

-23-

describe it as creating a right of action for judges,
prosecutors and other law enforcement officers to redress the
invasion of their privacy.  It provides that they may notify
entities, large and small, to refrain from disclosing their home
addresses and unlisted phone numbers upon 10 days written
notice.  If an entity fails to adhere to the request, a covered
person or his or her assignee may sue for actual damages but not
less than $1,000 in liquidated damages as well as for injunctive
relief.  Plaintiffs cite Daniel's Law as part of the long
history of common law torts and statutes whose purpose is to
afford redress to persons whose privacy is invaded from
disclosure of personal information, albeit truthful, that is not
of public interest.  See, e.g., Samuel D. Warren & Louis D.
Brandeis, The Right to Privacy, 4 Harv. L. Rev. 193 (1890);
William L. Prosser, Privacy, 48 Cal. L. Rev. 383 (1960).

    Our Court of Appeals recognized in 2000 that a
significant range of people including public officials,
performers and ordinary folks regard home addresses as private
information.  The court understood this reality even while
referencing the wide availability of telephone directories at
the time.  Our Court of Appeals also wrote that the Freedom of
Information Act exempts home addresses from disclosure as it
would be a "clearly unwarranted invasion of privacy."  Paul P.
v. Farmer, 227 F.3d 98, 101 (3d Cir. 2000); 5 U.S.C.

-24-

§ 552(b)(6).  If anything, the sentiment that such information is private has intensified as most people today have unlisted numbers and the presence of telephone directories that include addresses is virtually a thing of the past.

The defendants counter that Daniel's Law is not a privacy law but rather a law to provide for the safety and security of covered persons.  The court rejects this narrow reading.  Privacy has generally been defined as the right to be let alone.  Warren & Brandeis, The Right to Privacy, supra, at 195 (quoting Cooley on Torts 29 (2d ed. 1888)).  The New Jersey Legislature has concluded that covered persons should have the right to be let alone insofar as their home addresses and unpublished phone numbers are concerned.  The reason the Legislature has protected this information is not only to enhance the safety and security of covered persons but also to safeguard them from the fear of reprisal for doing their jobs. Daniel's Law is analogous to the long-standing common law tort for invasion of privacy for disclosure of the intimate details of a person's private life.  There the law allows for damages for disclosure of such information in order to compensate for causing embarrassment and humiliation.  Romaine v. Kallinger, 537 A. 2d 284, 292 (N.J. 1988).  Here, Daniel's Law furnishes a remedy for disclosing certain private information and exposing

covered persons to fear of reprisal and to personal danger. Whatever else it may be, Daniel's Law is a privacy statute.

The Supreme Court has recognized the tension that exists between privacy law and the right of freedom of speech and the press under the First Amendment. It has decided a number of cases where it has had to resolve this tension. The cases that have been cited focus on state statutes which block the dissemination of the identity of rape victims and of juvenile offenders even when the information was legally obtained. Some involved criminal statutes while others concerned statutes providing for civil redress for persons whose privacy has been invaded. See, e.g., The Florida Star v. B.J.F., 491 U.S. 524 (1989); Smith v. Daily Mail Publ'g Co., 443 U.S. 97 (1979); Oklahoma Publ'g Co. v. Oklahoma Cnty Dist. Ct., 430 U.S. 308 (1977); Cox Broad. Corp. v. Cohn, 420 U.S. 469 (1975). In all of these cases the Supreme Court ruled that the First Amendment carried the day over the right to privacy. See also Bowley v. City of Uniontown Police Dept., 404 F.3d 783 (3d Cir. 2005). Nonetheless, the Court has continually stressed that it was not announcing a blanket rule that free speech must always prevail and that publication of truthful and lawfully obtained information can never be blocked or punished. The Florida Star, 491 U.S. at 532. It has emphasized that each case

must be decided on its particular facts.  Id. at 533.  It

reiterated in The Florida Star:

> Our holding today is limited.  We do not
> hold that truthful publication is
> automatically constitutionally protected, or
> that there is no zone of personal privacy
> within which the State may protect the
> individual from intrusion by the press, or
> even that a State may never punish
> publication of the name of a victim of a
> sexual offense.

Id. at 541.

As noted above, defendants assert this court should

apply strict scrutiny to Daniel's Law, a standard which the

Supreme Court has applied in Reed and other cases.  The words

"strict scrutiny" and the strict scrutiny standard of review,

however, do not appear in the above cited Supreme Court

decisions involving the right to privacy.  Instead, the Supreme

Court has outlined three specific factors that a court must

consider in balancing the right of privacy against the right of

free speech.  In The Florida Star, which involved a civil

statute imposing damages for the publication of the name of a

rape victim, the Court established that the first inquiry is

whether the information is lawfully obtained and is of public

significance.[8]  Id. at 536.  A court must then determine whether

---

8.   In these pending actions, it is not contested that
defendants obtained the covered persons' home addresses and
unlisted phone numbers lawfully.  Accordingly, the court need
not consider this issue.

the law in question serves "a need to further a state interest of the highest order."  Id. at 537 (quoting Daily Mail, 443 U.S. at 103).  Finally, the court must decide whether the statute serves "the significant interests" which the state purports to advance and is not underinclusive.  Id. at 540.  Since Daniel's Law is a privacy law, this is the proper analysis to be applied in the pending cases.

First, the court concludes that the home addresses and unpublished phone numbers are not matters of public significance.  The narrow limitation under Daniel's Law constitutes but a tiny part of the life story of covered persons and is not information that is necessary or pertinent for public oversight.  Daniel's Law does not inhibit in any meaningful way the public's knowledge of public officials or its ability to hold them accountable for their performance and behavior.  In contrast to the limited scope of Daniel's Law, the restricted speech in the cited Supreme Court cases concerned criminal activity and its prosecution.  The public clearly has a vital interest in such information while the same cannot be said of the speech governed by Daniel's Law.

The defendants raise the specter of a number of hypotheticals where the home address or the unlisted phone number of a covered person may be newsworthy and thus of public significance.  If any of these hypotheticals ever comes to pass,

the defendants' remedy is to challenge Daniel's law as
unconstitutional as applied.  See United States v. Hansen, 599
U.S. 762, 784-85 (2023).

        Second, the court must determine whether Daniel's Law
serves a need to further a state interest of the highest order.
The New Jersey Legislature declared in Daniel's Law itself that
its purpose was to enhance the safety and security of judges,
prosecutors, and other law enforcement officers so that they are
able to carry out their official duties without fear of personal
reprisal.  The court need not tarry by reciting in detail the
support for the well-known fact, amply documented by the record
here, that in recent years judges, prosecutors, police,
correctional officers, and others in law enforcement have been
the subject of an ever increasing number of threats and even
assassinations.  Some of these threats and assassinations, as
alleged in the complaints and of which the court takes judicial
notice, have been facilitated by malefactors obtaining the home
address or unlisted phone number of their targets.  Indeed, the
immediate motivation for the passage of Daniel's Law was the
tragedy that occurred when an individual with grievances against
Judge Salas obtained her home address from the Internet,
proceeded to her home with the intent to kill her, and killed
her son and wounded her husband.  None of the parties appears to
contest that Daniel's Law, in aiming to protect covered persons

from fear, threats, injury and death, serves a need to further a
state interest of the highest order.

Finally, the defendants assert that Daniel's Law fails
because it is underinclusive.  By invoking underinclusiveness,
they mean that New Jersey is not really pursuing or the law is
not advancing its compelling state interest in protecting
judges, prosecutors, and other law enforcement officers from
threats and assassinations.  See Williams-Yulee v. Florida Bar,
575 U.S. 433, 448-49 (2015).  Defendants reference that Daniel's
Law has a number of exemptions allowing for disclosure of home
addresses.  The law, for example, does not block access to home
addresses which appear on property records or on voter
registration lists.  The short answer is that this type of
information is generally more difficult to extract from public
records than information found on the Internet.  The Supreme
Court has emphasized that the right of privacy in compiled or
computerized information does not evaporate simply because the
information may be found in other places.  It explained that
there is "a vast difference between public records that might be
found after a diligent search of courthouse files, county
archives, and local police stations throughout the country and a
computerized summary located in a single clearinghouse of
information."  U.S. Dep't of Just. v. Reps. Comm. for Freedom of
the Press, 489 U.S. 749, 764 (1989).  The fact that the home

addresses and unlisted phone numbers of individual covered persons may be discovered elsewhere in various scattered locations does not make Daniel's Law underinclusive.

The defendants also fault the law because it treats private and business entities more strictly than public agencies. The law does not limit the use of information by governmental agencies in the same way it does private entities. In some instances, the availability of home addresses and even phone numbers is necessary for the government and society to function. It also allows the State more time to remove information from public access. This is understandable considering the numerous state agencies, counties, and municipalities which may hold such information. This reality does not make Daniel's Law underinclusive. See Fraternal Order of Police v. City of Phila., 812 F.2d 105, 118 (3d Cir. 1987).

The distinctions made in Daniel's Law are sound—not arbitrary or discriminatory. All non-governmental entities are treated the same. The New Jersey Legislature has had to grapple with a very complex and important issue in trying to protect covered persons who seek to uphold the rule of law and who by the very nature of their jobs are in the public eye. The Supreme Court has dictated that each case must be decided on its own facts. It has never ruled on a case like the ones now before this court. The law is not unconstitutional simply

-31-

because the Legislature may not have come up with a complete
answer to the problem of the safety, security, and fear of
reprisal of covered persons.  It acted in response to the
attempted assassination of Judge Salas, the murder of her son,
and the wounding of her husband, all of which resulted after an
assailant obtained her home address through the Internet.  The
special although not total focus of Daniel's Law is to prevent
the use of the Internet as the source of intelligence to
facilitate other such tragedies.  The Legislature cannot be
faulted for its approach based on a very real set of facts,
which unfortunately are not unique.  The perfect is not the
enemy of the good.

The Supreme Court in Williams-Yulee, supra, did
recognize that underinclusiveness can be a red flag in
determining whether a law limiting speech advances a state
interest.  In that case, the Court upheld against an
underinclusive First Amendment challenge a regulation of the
Florida Bar prohibiting a judicial candidate from personally
soliciting money for her election.  Williams-Yulee, 575 U.S. at
455-56.  This narrowly drawn regulation did not prevent the
candidate from establishing a committee of lawyers to raise
money for her campaign and did not ban her from sending thank-
you notes to her contributors.  Nor did it require an elected

judge to recuse in any case in which a lawyer-contributor
appeared.  The Court observed:

> A State need not address all aspects of a
> problem in one fell swoop; policymakers may
> focus on their most pressing concerns.  We
> have accordingly upheld laws – even under
> strict scrutiny – that conceivably could
> have restricted even greater amounts of
> speech in service of their stated interests.

Id. at 449.  The present situation is no different.  Daniel's
Law is not underinclusive because it may not address "all
aspects of the problem in one fell swoop."  Rather, it does
materially promote the state's interest of the highest order in
protecting judges, prosecutors and other law enforcement
officers from harm.

The defendants challenge other aspects of Daniel's
Law.  They criticize the law's sweep in not limiting notice of
non-disclosure to situations where there are "true threats."  By
then, any notice not to disclose a home address and unlisted
telephone number is probably too late.  That would be analogous
to closing the barn door after the horse has left.  The
Legislature was not unreasonable in determining that the law to
be effective must allow covered persons to request non-
disclosure preemptively.  Defendants also argue that the
definition of "disclose" is too broad.  The law reads as it does
to advance the state's significant interest in protecting the

-33-

lives and well-being of covered persons.  This argument is not
persuasive.

Defendants further suggest that a protective order
would be a sufficient remedy.  It is questionable that the entry
of a protective order would be effective after the information
is released.  The court disagrees that this legislative scheme
is invalid.

Defendants take issue with the assignment provision of
Daniel's Law.  The Legislature made a rational decision in
allowing covered persons to assign their claims.  In its view,
it will make the enforcement more effective.  It is not hard to
imagine that many covered persons may find it too difficult, too
cumbersome, or too expensive to hire counsel or to proceed
against dozens of defendants on their own without an assignee.

The court has considered the various other challenges
defendants raise to the form of the law.  They are all without
merit.  Defendants are simply disagreeing with the Legislature's
policy choices.  Reasonable people of course may have different
views about those choices.  Simply because the law could have
been written differently does not make it unconstitutional.

V.

The defendants in addition assert that Daniel's Law is
unconstitutional on its face because it is a strict liability
statute, that is because it provides for actual or liquidated

-34-

damages for non-compliance without regard to fault.  It is the fallback position of the defendants that plaintiffs must establish that the defendants had the specific intent to violate the requirements of Daniel's Law.  Plaintiffs and the New Jersey Attorney General counter that the standard of liability is negligence.  They take the position that plaintiffs must prove that defendants acted unreasonably in failing to take down the requested home addresses and unlisted phone numbers.

Liability without fault is known both to the civil and criminal law.  See, e.g., Smith v. California, 361 U.S. 147, 150 (1989).  The Supreme Court, however, has carved out an exception against strict liability where a law restricts the freedom of speech.  The Court has held unconstitutional an ordinance which provided for strict criminal liability against booksellers who had an obscene or indecent writing or book in their places of business.  Id. at 155.  Likewise, the Court in The Florida Star ruled invalid under the First Amendment a civil privacy statute which provided for a negligence per se standard of culpability.  491 U.S. at 539-40, 541 n.9.

Daniel's Law provides a covered person or the person's assignee with a civil remedy.  Relief is only available after a covered person takes the initiative to transmit a written notice of non-disclosure to an entity.  The covered person must also state he or she is a person authorized to request non-

disclosure.  The entity has 10 business days thereafter not to disclose or not to make available the home address and unpublished phone telephone number of the covered person. N.J.S.A. 2C:20-21.1(6).  For failure to comply, the court shall award to a covered person or his or her assignee: (1) actual damages but not less than liquidated damages at the rate of $1,000 for each violation; (2) punitive damages upon proof of willful or reckless disregard of the law; and (3) preliminary and equitable relief.  N.J.S.A. 56:8-166.1(c).

The standard for determining culpability under Daniel's Law for actual or liquidated damages is of course a matter of state law.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  To the extent that the state law itself does not on its face set forth the standard, this court must look to its construction by the New Jersey Supreme Court.  If that court has not had occasion to address the issue, this court must predict how it would rule.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

In deciding what standard applies, the court must keep in mind relevant principles of statutory construction applied in New Jersey.  To this end, statutes must be construed to conform to the Constitution if the statute is reasonably susceptible to such a construction.  State v. Carter, 255 A.3d 1139, 1153 (N.J. 2021); State v. Burkert, 174 A.3d 987, 998 (N.J. 2017).  Courts

-36-

must also avoid an interpretation of a statute which leads to absurd results.  N.J. Republican State Comm. v. Murphy, 236 A.3d 898, 908 (N.J. 2020).

Daniel's Law does not state explicitly what standard of liability applies for actual or liquidated damages.  However, it does require that the offending conduct amount to "willful or reckless disregard of the law" in order for the award of punitive damages.  It would be nonsensical and effect an absurd result for the court to read into Daniel's Law a standard of civil liability for actual or liquidated damages which requires the same degree of culpability as or a higher degree of culpability than the standard of civil liability enunciated in the statute for punitive damages.  Thus, liability for actual or liquidated damages does not demand a showing of specific intent or of willful or reckless conduct when recovery of punitive damages may occur only with proof of willful or reckless conduct.

That leaves the question whether the standard for actual and liquidated damages is either liability without fault or negligence.  If Daniel's Law imposes strict liability, it likely runs afoul, as a privacy statute, of the above cited precedents of the United States Supreme Court.  The Court has invalidated strict liability statutes that restrict speech. See, e.g., The Florida Star, 491 U.S. at 541.  Based on New

-37-

Jersey precedents, this court must read the Daniel's Law to
avoid this outcome if it is reasonably susceptible to a
constitutional construction.

To ascribe a strict liability standard to Daniel's Law
not only would likely render the law unconstitutional but also
could lead to absurd results.  Under such a standard, a noticed
entity would be liable even if it would be unreasonable or
impossible under the circumstances to meet the statutory 10 day
take-down deadline.  Damages under this scenario would have to
be awarded if a hurricane or other natural disaster had taken
place which totally impeded the ability of the noticed entity to
comply in a timely manner.  The same result would be forthcoming
if a fire had destroyed a mailed notice shortly after receipt
and the direction for non-disclosure was lost through no one's
fault before it could be implemented.  The noticed entity would
also be on the hook if its computer system failed after having
received thousands of notices at one time, and it was unable to
take down all the information within the allotted period.

Daniel's Law is reasonably susceptible to a
construction with a negligence standard of liability.  It is a
privacy statute analogous to the common law tort of invasion of
privacy of the intimate details of a person's life.  The New
Jersey Supreme Court has explained that recovery for this tort
requires proof of "the unreasonable publication of private

facts." Romaine, 537 A.2d at 291-92. This is a negligence
test. There is no reason to think that the New Jersey Supreme
Court would not apply the same test here as it did in Romaine.[9]
Daniel's Law must be read as imposing liability only if a
defendant unreasonably disclosed or made available the home
addresses and unlisted telephone numbers of covered persons
after the statutory deadline had expired.

       In summary, the court concludes that Daniel's Law does
not mandate a specific intent standard of liability or a
standard of liability without fault for actual or liquidated
damages. The inclusion of a negligence standard of liability
for actual or liquidated damages is a reasonable construction of
Daniel's Law, avoids absurd results, is consistent with
analogous New Jersey privacy law, and saves the law from
constitutional repugnancy.

       This court predicts that the Supreme Court of New
Jersey would construe Daniel's Law as requiring a covered person
or assignee to establish an entity's negligence in order to

_____

9.   The New Jersey Model Civil Jury Charges classify the
various privacy torts under the rubric "Intentional Torts." New
Jersey Courts, Model Civil Jury Charges System §§ 3.10-3.14,
http:www.uscourts.gov/courts/civil/model-civil-jury-charges.
This classification does not have the imprimatur of the New
Jersey Supreme Court and cannot supersede Romaine. See
Graphnet, Inc. v. Retarus, Inc., 269 A.2d 413, 423 (N.J. 2022).

obtain an award of actual or liquidated damages under N.J.S.A. 56:8-166.1(c)(1).

VI.

The United States Supreme Court has declared that courts should decide cases on their particular facts and circumstances when they involve the interaction of privacy and the right of free speech with the caveat that any privacy statute restricting speech is likely unconstitutional if it imposes liability without fault. At this stage of the pending cases, the court must accept as true the well-pleaded facts and may take judicial notice as appropriate of other facts. After applying the legal analysis enumerated by the Supreme Court to the particular facts and circumstances presented here, Daniel's Law with its negligence standard of liability for actual or liquidated damages is constitutional on its face. The speech that is restricted is not of public significance, the law imposing the restriction serves to further a need of the highest order of the State of New Jersey, and the law serves the significant interest of the State and is not fatally underinclusive.

The consolidated motion of the defendants to dismiss these actions on the ground that Daniel's Law is facially unconstitutional will be denied.

BY THE COURT:

/s/  Harvey Bartle III
                                          J.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4037 |
| WE INFORM, LLC, et al. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4041 |
| INFOMATICS, LLC, et al. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4045 |
| THE PEOPLE SEARCHERS, LLC, | : | |
| et al. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4075 |
| DM GROUP, INC., et al. | : | |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-4080 |
| DELUXE CORPORATION, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4096 |
| DELVEPOINT, LLC, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4098 |
| QUANTARIUM ALLIANCE, LLC,<br>et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4103 |
| YARDI SYSTEMS, INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4141 |
| DIGITAL SAFETY PRODUCTS,<br>LLC, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY<br>CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 24-4143 |
| CIVIL DATA RESEARCH | : | |

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4160
SCALABLE COMMERCE, LLC,         :
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4174
LABELS & LISTS, INC             :
```
_____

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4176
INNOVIS DATA SOLUTIONS INC.,    :
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4178
ACCURATE APPEND, INC.,          :
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :            CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :            NO. 24-4256
ZILLOW, INC., et al.            :
```
_____

```
ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4261
EQUIMINE, INC., et al.          :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4292
MELISSA DATA CORP., et al.      :
_____

 ATLAS DATA PRIVACY             :          CIVIL ACTION
 CORPORATION, et al.            :
                                :
          v.                    :
                                :          NO. 24-4324
 RESTORATION OF AMERICA,        :
 et al.                         :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4345
i360, LLC, et al.               :
_____

ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :          NO. 24-4380
GOHUNT, LLC, et al.             :
_____
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :           NO. 24-4383
ACCUZIP, INC., et al.           :
_____

ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :           NO. 24-4385
SYNAPTIX TECHNOLOGY, LLC,       :
et al.                          :
_____

ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :           NO. 24-4389
JOY ROCKWELL ENTERPRISES,       :
INC., et al.                    :
_____

ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :           NO. 24-4390
FORTNOFF FINANCIAL, LLC,        :
et al.                          :
_____

ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
         v.                     :
                                :           NO. 24-4392
MYHERITAGE, LTD., et al.        :
_____
```

```
ATLAS DATA PRIVACY            :              CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :              NO. 24-4434
E-MERGES.COM, INC.            :
```
_____

```
ATLAS DATA PRIVACY            :              CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :              NO. 24-4609
NUWBER, INC., et al.          :
```
_____

```
ATLAS DATA PRIVACY            :              CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :              NO. 24-4664
ROCKETREACH LLC, et al.       :
```
_____

```
ATLAS DATA PRIVACY            :              CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :              NO. 24-4949
BELLES CAMP COMMUNICATIONS,   :
INC., et al.                  :
```
_____

```
ATLAS DATA PRIVACY            :              CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :              NO. 24-5600
PROPERTYRADAR, INC., ET AL.   :
```
_____

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-5656 |
| THE ALESCO GROUP, L.L.C. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-5658 |
| SEARCHBUG, INC. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-5775 |
| AMERILIST, INC., et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-7324 |
| US DATA CORPORATION, et al. | : | |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | CIVIL ACTION |
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | NO. 24-8075 |
| SMARTY, LLC, et al. | : | |

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :          NO. 24-8451
COMPACT INFORMATION SYSTEMS,  :
LLC, et al.                   :
```

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :          NO. 24-10600
DARKOWL, LLC, et al.          :
```

ORDER

AND NOW, this 2nd day of December, 2024, it is hereby ORDERED, pursuant to 28 U.S.C. § 1292(b), that it is the opinion of the court that its Order dated November 26, 2024 involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

BY THE COURT:

_Harvey Bartle III_, J.

-8-