# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *an assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, and PETER ANDREYEV,<br><br>Plaintiffs,<br><br>vs.<br><br>GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals*, and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | NO.: 24-8047<br><br><br><br><br><br>**CORPORATE DISCLOSURE STATEMENT**<br><br>**STATEMENT OF FINANCIAL INTEREST** |

## Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, Defendants <u>GoHunt, LLC, GoHunt Management Holdings, LLC, and GoHunt Management Holdings II, LLC</u> make the following disclosure:

1. **For non-governmental corporate parties please list all parent corporations:**

   **(a)** <u>GoHunt, LLC</u> is a limited liability company organized under the laws of the State of Nevada.  GoHunt, LLC's members are as follows:

   - The Blake L. Sartini and Delise F. Sartini Family Trust, which is a trust organized under the laws of the State of Nevada. The Blake L. Sartini and Delise F. Sartini Family Trust's trustees are as follows:
     - Blake L. Sartini, II
     - Delise Sartini
   - Sandra V. Russo
   - Lorenzo M. Sartini
   - GoHunt Management Holdings, LLC (see ¶1 (b), infra)
   - GoHunt Management Holdings II, LLC (see ¶ 1(c ) , infra)

   **(b)** <u>GoHunt Management Holdings, LLC</u> is a limited liability company organized under the laws of the State of Nevada.   GoHunt Management Holdings, LLC's members are as follows:

   - Christopher M. Porter
   - Joseph E. Stone
   - Charles H. Portell
   - Leslie Marcel Ottolenghi
     Nanda Kishore Reddy

   **(c)** <u>GoHunt Management Holdings II, LLC</u> is a limited liability company organized

under the laws of the State of Nevada. GoHunt Management Holdings II, LLC's members are as follows:

- The Lorenzo Michael Sartini Separate Property Trust, which is a trust organized under the laws of the State of Nevada. The Lorenzo Michael Sartini Separate Property Trust's trustee is as follows:
    - Lorenzo M. Sartini
- Christopher M. Porter
- Nanda Kishore Reddy
- Lane Colyer
- Brady Jay Miller
- Brandon Scott Evans
- Hemant Nayan
- Max Stevenson Fronek
- Scott Christensen

2. **For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock**: No publicly held corporation owns 10% or more of any of the Defendants.

3. **If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:** There is no publicly held corporation which is not a party to the proceeding before this Court which has a financial interest in the outcome of the proceeding.

4. **In all appeals counsel for the debtor or trustee of the bankruptcy estate must list:**

**1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant**: None.

Date: December 17, 2024

By: *David E. Sellinger*
David E. Sellinger, Esq.
Aaron Van Nostrand, Esq.
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 360-7900
sellingerg@gtlaw.com
vannostranda@gtlaw.com
*Attorneys for Defendants*