

Michael P. O'Mullan
Partner

<u>Direct:</u>
t: 973.451.8477
f: 973.538.1984
momullan@riker.com

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ  07962-1981

March 20, 2025

<u>Via ECF</u>
Attn: Clerk of Court
United States Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106

Re:   <u>Atlas Data Privacy Corporation, et al., v. We Inform LLC et al.</u>,
      **Case No.: 24-8047 (3rd Circuit)**
      <u>Atlas Data Privacy Corporation et al. v. Melissa Data Corp.</u>,
      **No.: 1:24-cv-04292 (D.N.J.)**

Dear Sir/Madam:

This firm represents Defendant-Petitioner Melissa Data Corporation ("Melissa") in the above-referenced matter seeking permission to appeal under 28 U.S.C. 1292(b). The Honorable Stephanos Bibas' Order entered on March 18, 2025 (the "Order")(<u>See</u> Dkt. No. 90, attached hereto as Exh. A) directed that "within five (5) days, the petitioners must pay the district clerk all required fees. See Fed. R. App. P. 5(d)(1). The Clerk will then docket the appeals. See Fed. R. App. P. 5(d)(3)." Thus, pursuant to the Order, on March 19, 2025 Melissa issued a payment to the United States District Court in the amount of $605.00.

Accordingly please find enclosed as Exh. B, a receipt of payment from the United States District Court, Trenton, evidencing Melissa's payment of $605.00 for the required fee associated with joining the Petition for permission to appeal filed with the Third Circuit on December 12, 2024. (<u>See</u> Dkt No. 1.)

Respectfully submitted,

<u>/s/ *Michael P. O'Mullan*</u>
Michael P. O'Mullan, Esq.
Enclosures

cc:  All counsel via ECF.

4901-9704-8108, v. 1

# EXHIBIT A

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

ECO-031

**No. 24-8046**

Atlas Data Privacy Corporation et al. v. Delvepoint, LLC
(D.N.J. No. 1:24-cv-04096)

Delvepoint, LLC,

Petitioner

**No. 24-8047**

Atlas Data Privacy Corporation et al. v.
We Inform, LLC
(D.N.J. No. 1:24-cv-04037)

Atlas Data Privacy Corporation et al. v.
Infomatics, LLC
(D.N.J. No. 1:24-cv-04041)

Atlas Data Privacy Corporation et al. v.
The People Searchers, LLC
(D.N.J. No. 1:24-cv-04045)

Atlas Data Privacy Corporation et al. v.
DM Group, Inc.
(D.N.J. No. 1:24-cv-04075)

Atlas Data Privacy Corporation et al. v.
Deluxe Corporation
(D.N.J. No. 1:24-cv-04080)

Atlas Data Privacy Corporation et al. v.
Quantarium Alliance, LLC, and Quantarium Group, LLC
(D.N.J. No. 1:24-cv-04098)

Atlas Data Privacy Corporation et al. v.
Yardi Systems, Inc.
(D.N.J. No. 1:24-cv-04103)

Atlas Data Privacy Corporation et al. v.
Digital Safety Products, LLC
(D.N.J. No. 1:24-cv-04141)

Atlas Data Privacy Corporation et al. v.
Civil Data Research, LLC
(D.N.J. No. 1:24-cv-04143)

Atlas Data Privacy Corporation et al. v.
Scalable Commerce, LLC, and National Data Analytics, LLC
(D.N.J. No. 1:24-cv-04160)

Atlas Data Privacy Corporation et al. v.
Labels & Lists, Inc.
(D.N.J. No. 1:24-cv-04174)

Atlas Data Privacy Corporation et al. v.
Innovis Data Solutions, Inc.
(D.N.J. No. 1:24-cv-04176)

Atlas Data Privacy Corporation et al. v. Accurate Append, Inc.
(D.N.J. No. 1:24-cv-04178)

Atlas Data Privacy Corporation et al. v. Zillow, Inc., and Zillow Group, Inc.
(D.N.J. No. 1:24-cv-04256)

Atlas Data Privacy Corporation et al. v. Equimine, Inc.
(D.N.J. No. 1:24-cv-04261)

Atlas Data Privacy Corporation et al. v. Thomson Reuters Corporation, Thomson Reuters Holdings Inc., Thomson Reuters Canada Limited, Thomson Reuters Applications Inc., Thomson Reuters Enterprise Centre GmbH, and West Publishing Corporation
(D.N.J. No. 1:24-cv-04269)

Atlas Data Privacy Corporation et al. v. Melissa Data Corp.
(D.N.J. No. 1:24-cv-04292)

Atlas Data Privacy Corporation et al. v. Restoration of America and Voter Reference Foundation LLC
(D.N.J. No. 1:24-cv-04324)

Atlas Data Privacy Corporation et al. v. i360, LLC
(D.N.J. No. 1:24-cv-04345)

Atlas Data Privacy Corporation et al. v. GoHunt, LLC, GoHunt Management Holdings, LLC, and GoHunt Management Holdings II, LLC
(D.N.J. No. 1:24-cv-04380)

Atlas Data Privacy Corporation et al. v. AccuZIP, Inc.
(D.N.J. No. 1:24-cv-04383)

Atlas Data Privacy Corporation et al. v. Synaptix Technology, LLC, and Voterrecords.com
(D.N.J. No. 1:24-cv-04385)

Atlas Data Privacy Corporation et al. v. Joy Rockwell Enterprises, Inc.
(D.N.J. No. 1:24-cv-04389)

Atlas Data Privacy Corporation et al. v. Fortnoff Financial, LLC
(D.N.J. No. 1:24-cv-04390)

Atlas Data Privacy Corporation et al. v. MyHeritage Ltd. and MyHeritage (USA), Inc.
(D.N.J. No. 1:24-cv-04392)

Atlas Data Privacy Corporation et al. v. E-Merges.com Inc.
(D.N.J. No. 1:24-cv-04434)

Atlas Data Privacy Corporation et al. v. Nuwber, Inc.
(D.N.J. No. 1:24-cv-04609)

Atlas Data Privacy Corporation et al. v. RocketReach LLC
(D.N.J. No. 1:24-cv-04664)

Atlas Data Privacy Corporation et al. v. Belles Camp Communications, Inc.
(D.N.J. No. 1:24-cv-04949)

Atlas Data Privacy Corporation et al. v. PropertyRadar, Inc.
(D.N.J. No. 1:24-cv-05600)

Atlas Data Privacy Corporation et al. v. The Alesco Group, L.L.C., Alesco AI, LLC, Alesco Marketing Solutions, L.L.C., Stat Resource Group Inc., and Response Solutions Group, LLC

(D.N.J. No. 1:24-cv-05656)

Atlas Data Privacy Corporation et al. v. Searchbug, Inc.

(D.N.J. No. 1:24-cv-05658)

Atlas Data Privacy Corporation et al. v. Amerilist, Inc.

(D.N.J. No. 1:24-cv-05775)

Atlas Data Privacy Corporation et al. v. US Data Corporation

(D.N.J. No. 1:24-cv-07324)

Atlas Data Privacy Corporation et al. v. Smarty, LLC, and SmartyStreets, LLC

(D.N.J. No. 1:24-cv-08075)

Atlas Data Privacy Corporation et al. v. Compact Information Systems, LLC, Accudata Integrated Marketing, Inc., Alumnifinder, ASL Marketing, Inc., College Bound Selection Service, Deepsync Labs, Homedata, and Student Research Group

(D.N.J. No. 1:24-cv-08451)

Atlas Data Privacy Corporation et al. v. DarkOwl, LLC

(D.N.J. No. 1:24-cv-10600)

We Inform, LLC; Infomatics, LLC; The People Searchers, LLC; DM Group, Inc.; Deluxe Corporation; Quantarium Alliance, LLC; Quantarium Group, LLC; Yardi Systems, Inc.; Digital Safety Products, LLC; Civil Data Research; Scalable Commerce, LLC; National Data Analytics, LLC; Labels & Lists, Inc.; Innovis Data Solutions Inc.; Accurate Append, Inc.; Zillow, Inc.; Zillow Group, Inc.; Equimine, Inc.; Melissa Data Corp.; Restoration of America; Voter Reference Foundation, LLC; i360, LLC; GoHunt, LLC; GoHunt Management Holdings LLC; GoHunt Management Holdings II, LLC; AccuZIP, Inc.; Synaptix Technology, LLC; VoterRecords.com; Joy Rockwell Enterprises, Inc.; Fortnoff Financial, LLC; MyHeritage, Ltd.; E-Merges.com, Inc.; Nuwber, Inc.; RocketReach LLC; Belles Camp Communications, Inc.; PropertyRadar, Inc.; The Alesco Group, L.L.C.; Alesco AI, LLC; Alesco Marketing Solutions, L.L.C.; Stat Resource Group Inc.; Response Solutions Group, LLC; Searchbug, Inc.; Amerilist, Inc.; US Data Corporation; Smarty, LLC; Compact Information Systems, LLC; Accudata Integrated Marketing, Inc.; Alumnifinder; ASL Marketing, Inc.; College Bound Selection Service; Deepsync Labs; HomeData; Student Research Group; DarkOwl, LLC; Thomson Reuters Corporation; Thomson Reuters Canada Limited; Thomson Reuters Enterprise Centre GmbH; and West Publishing Corporation,

Petitioners

**No. 25-8002**

Atlas Data Privacy Corporation et al. v. Spy Dialer, Inc.
(D.N.J. No. 1:24-cv-11023)

Spy Dialer, Inc.,

            Petitioner


**No. 25-8003**

Atlas Data Privacy Corporation et al. v. Lighthouse List Company, LLC
(D.N.J. No. 1:24-cv-11443)

Lighthouse List Company, LLC,

            Petitioner


Present: BIBAS, FREEMAN, and CHUNG, Circuit Judges

1. Petitions for Permission to Appeal under 28 U.S.C. § 1292(b) Filed by

Delvepoint, LLC

We Inform, LLC; Infomatics, LLC; The People Searchers, LLC; DM Group, Inc.; Deluxe Corporation; Quantarium Alliance, LLC; Quantarium Group, LLC; Yardi Systems, Inc.; Digital Safety Products, LLC; Civil Data Research; Scalable Commerce, LLC; National Data Analytics, LLC; Labels & Lists, Inc.; Innovis Data Solutions Inc.; Accurate Append, Inc.; Zillow, Inc.; Zillow Group, Inc.; Equimine, Inc.; Melissa Data Corp.; Restoration of America; Voter Reference Foundation, LLC; i360, LLC; GoHunt, LLC; GoHunt Management Holdings LLC; GoHunt Management Holdings II, LLC; AccuZIP, Inc.; Synaptix Technology, LLC; VoterRecords.com; Joy Rockwell Enterprises, Inc.; Fortnoff Financial, LLC; MyHeritage, Ltd.; E-Merges.com, Inc.; Nuwber, Inc.; RocketReach LLC; Belles Camp Communications, Inc.; PropertyRadar, Inc.; The Alesco Group, L.L.C.; Alesco AI, LLC; Alesco Marketing Solutions, L.L.C.; Stat Resource Group Inc.; Response Solutions Group, LLC; Searchbug, Inc.; Amerilist, Inc.; US Data Corporation; Smarty, LLC; Compact Information Systems, LLC; Accudata Integrated Marketing, Inc.; Alumnifinder; ASL Marketing, Inc.; College Bound Selection Service; Deepsync Labs; HomeData; Student Research Group; DarkOwl, LLC; Thomson Reuters Corporation; Thomson Reuters Canada Limited; Thomson Reuters Enterprise Centre GmbH; and West Publishing Corporation

Spy Dialer, Inc.

Lighthouse List Company, LLC

2. Plaintiffs' Answer in Nos. 24-8046 and 24-8047

3. Petitioners' Motion in No. 24-8047 for Leave to File Reply, with Proposed Reply Attached

4. Plaintiffs' Answer in No. 25-8002

Respectfully,
Clerk

_____ORDER_____

The motion by the petitioners in No. 24-8047 to file a reply is GRANTED, and we have considered the reply attached to their motion.

Delvepoint's petition to appeal in No. 24-8046 is DENIED. All other parties' petitions to appeal are GRANTED.

Within five (5) days, the petitioners must pay the district clerk all required fees. *See* Fed. R. App. P. 5(d)(1). The Clerk will then docket the appeals. *See* Fed. R. App. P. 5(d)(3).

The appeals will be consolidated for all purposes.

The appeals will be EXPEDITED. Briefing will proceed under the following peremptory schedule:

**Appellants' joint opening brief** must be filed by **April 14, 2025**.

**Appellees' joint response brief** must be filed by **May 12, 2025**.

**Appellants' joint reply brief** must be filed by **May 27, 2025**.

The Clerk will calendar the appeals for submission to a merits panel during the week of July 7, 2025.

By the Court,

s/ Stephanos Bibas
Circuit Judge

Dated: March 18, 2025
PDB/cc: All Counsel of Record

A True Copy:

Patricia S. Dodszuweit, Clerk

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## NOTICE

## GRANT OF PERMISSION TO APPEAL

The Court of Appeals has granted petitions for permission to appeal in these cases.

The $605.00 docketing and filing fees must be paid in the district court within 5 days after the entry of the order granting permission to appeal, unless the petitioner is the United States government. Fed. R. App. P. 5. In addition, a cost bond must be filed if one is required under Fed. R. App. P. 7.

Notices of appeal do not need to be filed as a copy of the Court's order granting permission for leave to appeal which has been forwarded to the district court will serve as the notices of appeal.

The entry date of the order granting permission to appeal serves as the date of the filing of the notices of appeal for calculating time under the Federal Rules of Appellate Procedure. **Petitioners should notify the Court of Appeals in writing when the filing and docketing fees have been paid.**

Upon receipt of the notice from petitioners, the appeals will be opened on the general docket. All future filings regarding the appeals will be entered under the new docket numbers.

# EXHIBIT B



# U.S. District Court

### New Jersey District - Trenton

**THIS IS A COPY**

Receipt Date: Mar 19, 2025 1:43PM

EILEEN ZHU
RIKER DANZIG
1 SPEEDWELL AVE
MORRISTOWN, NJ 07960

Rcpt. No: 143153   Trans. Date: Mar 19, 2025 1:43PM   Cashier ID: #SS (3245)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 203 | Notice of Appeal/Docketing Fee | | 1 | 605.00 | 605.00 |

| CD | Tender | Amt |
|---|---|---|
| CC | Credit Card | $605.00 |
| | Total Due Prior to Payment: | $605.00 |
| | Total Tendered: | $605.00 |

**Comments:** NOTICE OF APPEAL; 1:24-cv-04292-HB ATLAS DATA PRIVACY CORPORATION et al v. MELISSA DATA CORP. et al

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.